1  **DLA PIPER LLP (US)**
   SHAND S. STEPHENS (Bar No. 67694)
2  MARGARET LUND PARKER (Bar No. 129897)
   555 Mission Street, Suite 2400
3  San Francisco, CA 94105-2933
   Tel:  (415) 836-2500
4  Fax:  (415) 836-2501

5  **DLA PIPER LLP (US)**
   ERIC S. BEANE (Bar No. 186029)
6  NICK S. PUJJI (Bar No. 259271)
   2000 Avenue of the Stars, Suite 400, North Tower
7  Los Angeles, CA 90067-4704
   Tel:  (310) 595-3000
8  Fax:  (310) 595-3300

9  Attorneys for Defendants
   AON RISK SERVICES COMPANIES, INC., AON
10 RISK INSURANCE SERVICES WEST, INC., and
   AON CORPORATION

11

12              **UNITED STATES DISTRICT COURT**

13          **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14
   PETER ARKLEY, an individual;                    CASE NO.: CV12-01966 DSF (PZx)
15 MICHAEL D. PARIZINO, an individual; KEN
   CALDWELL, an individual; and ALLIANT           (Los Angeles Superior Court Case No. BC
16 INSURANCE SERVICES, INC., a Delaware           463382)
   Corporation;
17                                                **NOTICE OF REMOVAL OF CIVIL**
                    Plaintiffs,                   **ACTION TO UNITED STATES**
18                                                **DISTRICT COURT BY DEFENDANTS**
           v.                                     **AON RISK SERVICES COMPANIES,**
19                                                **INC., AON RISK INSURANCE**
   AON RISK SERVICES COMPANIES, INC.,             **SERVICES WEST, INC. AND AON**
20 a Delaware corporation; AON RISK               **CORPORATION PURSUANT TO 28**
   INSURANCE SERVICES WEST, INC., a               **U.S.C. SECTIONS 1331, 1441, AND 1446**
21 California corporation; AON                    **(FEDERAL QUESTION)**
   CORPORATION, a Delaware corporation; and
22 DOES 1 through 50, inclusive,

23                  Defendants.

24

25

26

27

28

DLA PIPER LLP (US)
LOS ANGELES

                                    NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS PETER ARKLEY, MICHAEL D. PARIZINO, KEN CALDWELL, AND ALLIANT INSURANCE SERVICES, INC., AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** Defendants Aon Risk Services Companies, Inc., Aon Risk Insurance Services West, Inc., and Aon Corporation (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division, on the grounds of federal question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1441(a) and (b). The following statement is submitted pursuant to 28 U.S.C. Section 1446(a):

1.  On or about February 9, 2012, Plaintiffs Peter Arkley, Michael D. Parizino, Ken Caldwell, and Alliant Insurance Services, Inc. (collectively, "Plaintiffs") filed their unverified Second Amended Complaint for Declaratory Relief and Damages in the Superior Court of the State of California for the County of Los Angeles, styled "*Peter Arkley, Michael D. Parizino, Ken Caldwell, and Alliant Insurance Services, Inc. vs. Aon Risk Services Companies, Inc., Aon Risk Insurance Services West, Inc., Aon Corporation, and DOES 1 through 50, Inclusive,*" (the "Second Amended Complaint") which was designated Case No. BC 463382 (the "State Court Action").

2.  The Second Amended Complaint alleges ten purported causes of action as follows: (1) "Declaratory Relief" – Employment and Performance Contracts; (2) "Declaratory Relief" – Excess Benefit and Stock Plans; (3) Unfair Business Practice (Bus. & Prof. Code § 17200); (4) Intentional Interference with Prospective Economic Relations; (5) Conversion; (6) Breach of Contract; (7) Violation of Labor Code § 432.5; (8) Violation of Labor Code §§ 201-203; (9) Indemnification Under Labor Code § 2802; and (10) Accounting.

3.  Defendants were served with the Second Amended Complaint on February 9, 2012. A true and correct copy of the Summons and Second Amended Complaint are attached hereto as Exhibit "A."

4. This Notice of Removal is timely because it is being filed within thirty (30) days of both the State Court granting leave to amend the Second Amended Complaint on February 9, 2012, and Defendants' receipt of the Summons and Second Amended Complaint on that same day. This Notice of Removal is also within one (1) year of the commencement of this action on June 13, 2011.

5. This Court, the United States District Court, Central District, is the appropriate district court for the removal of the State Court Action.

6. In the State Court Action, the original Complaint was filed on June 13, 2011, and the First Amended Complaint was filed shortly thereafter. Neither the original Complaint nor the First Amended Complaint asserted any facts, or sought any relief, related to the "Aon Excess Benefit Plan," subject to removal under the Employee Retirement Income Security Act of 1974 ("ERISA"). Nor did any of the State Court pleadings, process or orders assert any facts, or seek any relief, related to the "Aon Excess Benefit Plan." Plaintiffs made no allegations or reference to the "Aon Excess Benefit Plan" until the Second Amended Complaint. True and correct copies of all pleadings, process and orders in the State Court Action are attached hereto as Exhibit "B" (except for the Second Amended Complaint and related Summons are attached hereto as Exhibit "A," *supra*.)

7. The Second Amended Complaint alleges new causes of action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1331. Under ERISA, 29 U.S.C. Sections 1001 through 1461, the district courts of the United States shall have original jurisdiction over any action brought by a participant in an employee benefit plan to enforce rights under the provisions of ERISA, or the terms of the plan. 29 U.S.C. §§ 1132(a), (e)(1). Defendants may remove this State Court Action pursuant to 28 U.S.C. Section 1441(b) because it asserts claims that arise under and are preempted by ERISA.

8. The Second Amended Complaint alleges that Defendants improperly forfeited Plaintiffs' rights in and benefits under the "Aon Corporation Excess Benefit Plan" (the "Plan"). Second Amended Complaint at ¶¶ 33-37 (Plaintiff Arkley), ¶¶ 62-64 (Plaintiff Parizino), and ¶¶ 87-89 (Plaintiff Caldwell).

DLA Piper LLP (US)
Los Angeles

2
NOTICE OF REMOVAL

9. The Second Amended Complaint asserts the following causes of action with respect to alleged violations of the Plan:

  a. <u>Declaratory Relief (Second Cause of Action)</u>: Plaintiffs seek a judicial declaration that the Plan's covenants not to compete are governed by California law and facially void and unenforceable under California Business and Professions Code 16600. Second Amended Complaint, ¶¶ 110-116.

  b. <u>Intentional Interference with Prospective Economic Relations (Fourth Cause of Action)</u>: Plaintiffs allege that Defendants "engaged in wrongful conduct" and intended to disrupt Plaintiffs' "economic relationships with clients …. by the enforcement of the covenants not to compete … [in the Plan]." Second Amended Complaint, ¶¶ 120-129.

  c. <u>Breach of Contract (Sixth Cause of Action)</u>: Plaintiffs allege that "Defendants have breached [the Plan] of Plaintiff Arkley by forfeiting his benefits." Second Amended Complaint, ¶¶ 140-144.

  d. <u>Violation of Labor Code § 432.5 (Seventh Cause of Action)</u>: Plaintiffs allege that Defendants violated section 432.5 of the California Labor Code by "tender[ing] and attempt[ing] to enforce the covenants not to compete in … [the Plan] … with knowledge that said covenants not to compete are facially invalid and unenforceable as a matter of California law …." Second Amended Complaint, ¶¶ 145-149.

  e. <u>Accounting (Tenth Cause of Action)</u>: Plaintiffs seek an accounting of the benefits and compensation due under the Plan. Second Amended Complaint, ¶¶ 164-167.

10. These claims seek to enforce, recover and clarify benefits under the terms of the Plan and, therefore, confer federal question jurisdiction. Under the "well-pleaded complaint" rule, a plaintiff cannot escape federal preemption jurisdiction by labeling federal claims as state claims. *See Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). In *Hall*,

the Ninth Circuit affirmed the granting of a Rule 12(b)(6) motion based on preemption. In doing so, the Court stated that:

> The absence of a federal claim on the face of [the plaintiff's] complaint does not end our jurisdictional inquiry. Although we usually defer to the plaintiff's choice to plead state law claims, there exist 'a handful of extraordinary situations where even a well-pleaded state law complaint will be deemed to arise under federal law for jurisdictional purposes . . . Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law . . . '[A]ny claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Id.* at 687 (quoting *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) and *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)). *Accord, Busey v. P.W. Supermarkets, Inc.*, 368 F. Supp. 2d 1045, 1048, 1053-55 (N.D. Cal. 2005) ("By careful pleading, a plaintiff cannot avoid federal preemption. Federal courts accordingly must recharacterize complaints which omit federal law essential to a claim, or which cast in state law terms a claim that can be made only under federal law.").

11. Thus, civil claims that are preempted by ERISA, and that are redressable under ERISA, Section 502(a), 29 U.S.C. Section 1132(a), provide federal question jurisdiction because Congress has "so completely" preempted this area that any civil complaint raising [Section 502(a)] claims is necessarily federal in character." *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 799 (9th Cir. 1987); *see also* Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 2D-4 ("ERISA's preemptive force is so strong that where state law claims *fall within the scope of ERISA's civil enforcement provisions* (ERISA § 502(a)), federal preemption is 'complete,' *i.e.*, the state law claim is not merely displaced, it is *replaced* with an ERISA claim) (emphasis in original), citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 1552 (1987).

12. ERISA preempts "any and all State laws insofar as they . . . relate to any employee benefit plan . . . ." ERISA, § 514(a); 29 U.S.C. § 1144(a). Congress intended that the phrases "State laws" and "relate to" be interpreted broadly. *Ingersoll-Rand v. McClendon*, 498 U.S. 133, 138-39 (1990). A state law cause of action "relates to" an employee benefit plan if it has a "connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When a federal statute

DLA PIPER LLP (US)
LOS ANGELES

4
NOTICE OF REMOVAL

completely preempts a state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.") *Accord, Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (a plaintiff's common law causes of action for "alleged improper processing of a claim for benefits under employee benefit plan, undoubtedly meet the criteria for 'pre-emption' under § 514(a).")

13. Federal courts have routinely held that a defendant may remove a state law action even if the complaint only alleges state common law claims where the claims are preempted by ERISA. For example, in *Felton v. Unisource Corp.*, 940 F.2d 503, 507-08 (9th Cir. 1991), the Court held that the employee's claims for wrongful termination and employment discrimination were preempted by ERISA, and removable to federal court because the employee alleged that the reason for his termination was his employer's desire to avoid employee benefit payments. In *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131-32 (9th Cir. 1992), the Court held that ERISA preempted a former employee's claim wrongful termination claim. The employee alleged that he was terminated so that the employer could avoid its obligations under its group insurance. In holding that the complaint was properly removable to federal court, and that the employee's ten-count complaint should have been dismissed on ERISA preemption grounds, the Court explained that:

> It follows that although the [employee's complaint] purported to plead only state law claims, the action was properly removed because the claims fell within the purview of the exclusive remedy provision in ERISA. This means only a federal court can hear the claims when stripped of their state law disguises. The basis of jurisdiction, even though none of the claims facially stated an ERISA cause of action, was federal question jurisdiction.

*Id.* at 1130-31; *see also, Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 713-14 (9th Cir. 1990) (former employee's claim that she was fired partly to prevent her from acquiring a vested interest in a retirement plan was preempted by ERISA and removable to federal court); *Sorosky*, 826 F.2d at 799-800 (employee's claim that his employer agreed to provide him with monthly retirement benefits but then sought to prevent him from receiving those benefits was preempted by ERISA and removable to federal court).

14. In this case, Plaintiffs' Second, Fourth, Sixth, Seventh and Tenth Causes of Action are "connected to or with reference to" the Plan. The Plan is subject to ERISA preemption because it is a "top hat" plan. *See* 29 U.S.C. § 1101(a)(1); *see Olander v. Bucyrus-Erie Co.*, 187 F.3d 599, 604 (7th Cir. 1999) (top hat plans are "subject to ERISA's enforcement provisions even if it is excepted from ERISA's vesting, participation, funding, and fiduciary rules"), citing *In re New Valley Corp.*, 89 F.3d 143, 149 (3d Cir. 1996). A "top hat" plan is an unfunded plan maintained by an employer "primarily for the purpose of providing deferred compensation to a select group of management or highly compensated employees." 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a); *Garratt v. Knowles*, 245 F.3d 941, 946 n. 4 (7th Cir. 2001).

15. Defendants anticipate that Plaintiffs will attempt to characterize the Plan as an "excess benefit plan" – which would be exempt from ERISA under 29 U.S.C. § 1003(b)(5)[1] – because the Plan is entitled "Aon Excess Benefit Plan." However, it is the statutory definition and not nomenclature that determines if a benefit plan is an excess benefit plan. *See Goldstein v. Johnson & Johnson*, 251 F.3d 433, 438 n.2 (3rd Cir. 2001) (noting that despite defendant having termed its plan an "Excess Benefit Plan," the court determined that the plan was, in fact, a top hat plan, and governed by ERISA). "The statutory test for whether a plan is an excess benefit plan [turns] on the purposes of the plan in general rather than on the specific way the plan applies to a party." *Olander v. Bucyrus-Erie Co.*, 187 F.3d 599, 604 (7th Cir. 1990); *see Garratt v. Knowles*, 245 F.3d 941, 946 (7th Cir. 2001). The "decisive consideration is whether avoiding the limitation of § 415 was the sole purpose for which the employer maintained the plan, such that even if a plan with other purposes has only the effect of avoiding the § 415 limitations in an individual case, that plan is not an excess benefit plan." *Id.* Section 1002(36) defines an excess benefit plan in relevant part as follows:

> [A] plan maintained by an employer **solely** for the purpose of providing benefits for certain employees in excess of the limitations on contributions and benefits imposed by section 415 of Title 26 on plans to which the section applies, without regard to whether the plan is funded.

---

[1] Section 1003(b)(5) provides that ERISA "shall not apply to any employer benefit plan if ... such plan is an excess benefit plan (as defined in Section 1002(36) of this title) and is unfunded." 29 U.S.C. § 1003(b)(5).

(emphasis added). There is no question that the Plan does not meet this definition as it is not maintained by Aon *"solely"* for the purposes of providing benefits for certain employees in excess of the limitations on contributions and benefits imposed by 26 U.S.C. § 415. Rather, the Plan's purpose is clearly stated as:

> The company maintains the Pension Plan, which is intended to meet the requirements of a qualified retirement plan under Code Section 401(a). The Pension Plan contains certain restrictions that sometimes result in a diminution of benefits available to certain highly compensated employees. [The Plan] is established to replace benefits lost due to this diminution for eligible employees; and consequently **it is intended to be an unfunded deferred compensation plan for a select group of management or highly compensated employees, as described in Sections 201(2) [29 U.S.C. § 1051(2)], 301(a)(3) [29 U.S.C. § 1081(a)(3)], and 401(a)(1) [29 U.S.C. § 1101(a)(1)] of the Employee Retirement Income Security Act of 1974 ("ERISA")**.

Second Amended Complaint, Exh. C, Aon Corp. Excess Benefit Plan § 1.2.

16. This Plan language mirrors the cited sections of ERISA, which define an unfunded plan the employer maintains "primarily for the purpose of providing deferred compensation to a select group of management or highly compensated employees" as a "top hat plan," not an "excess benefit plan." 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a).

17. Moreover, the Plan is not maintained by Aon *"solely"* for the purposes of providing benefits for certain employees in excess of the limitations on contributions and benefits imposed by 26 U.S.C. § 415 as the Plan also avoids the compensation limit of 26 U.S.C. § 401(a)(17). *See* Second Amended Complaint at Exhibit C ("the Annual Earnings used for determining benefits payable from the Pension Plan shall not be limited by the Compensation Limit" (pg. 4), which is defined in the Plan as "the limitation on the amount of Annual Earnings which may be considered after application of Code Section 401(a)(17)" (pg. 2)). Plaintiffs Arkley, Parizino and Caldwell have not, and cannot, dispute that their annual earnings at Aon exceeded the $360,000 annual limit imposed by § 401(a)(17) in 2011. *See* IR-2010-108 (October 28, 2010). This "avoidance of the limitations of § 401(a)(17) [is] significant" enough to render a plan a top hat plan, rather than an excess benefit plan under ERISA even where the plan in question did not specifically state its purpose as a "top hat plan." *Garratt v. Knowles*, 245 F.3d 941, 947-48 (7th Cir. 2001). Based on established case law showing that the Plan is a top hat

1  plan covered by ERISA, this action is properly subject to removal. *See Bartholet v. Reishauer*
2  *A.G.*, 953 F.2d 1073, 1075 (7th Cir. 1992) (In establishing ERISA, Congress "blotted out (almost)
3  all state law on the subject of [employee benefit plans], so a complaint about [such plans] rests on
4  federal law no matter what label its author attaches.").

5      18.    In *Wayne A. Wignes v. Aon Corporation ("Wignes")*, the U.S. District Court for
6  the Northern District of Illinois upheld a removal based on **the same Aon excess benefits plan**
7  **because it was a "top hat" plan subject to preemption under ERISA**.[2] *Wignes*, Case No. 1:08-
8  cv-05047, 2010 WL 1193756 at *4 (N.D. Ill. 2010).[3] The *Wignes* court denied a motion to
9  remand because (1) "the Plan language states that it is intended to meet the requirements of a
10 qualified retirement plan under § 401(a) of the Code, not § 415;" (2) "the Plan language states
11 that the purpose of the Plan is to replace benefits that certain highly compensated employees lose
12 on account of the Plan's benefit restrictions .... [and] it is intended to be an unfunded deferred
13 compensation plan for a select group of management or highly compensated employees;" and (3)
14 "the Plan's reference to three particular provisions of ERISA – [29 U.S.C. §§ 1051(2),
15 1081(a)(3), and 1101(a)(1)] – means that it is a 'top hat' plan." *Wignes*, Order dated April 9,
16 2009 [Dkt. No. 23], attached hereto as Exhibit "C." The *Wignes* court concluded, "it cannot be
17 argued that the Plan's sole purpose was to avoid the limitation of § 415 of the Code." *Id.*, citing
18 *Garratt*, 2000 WL 995490, at *2-3.

19      19.    Plaintiffs' allegations that Defendants violated the Plan by forfeiting Plaintiffs'
20 rights to receive payments must be adjudicated under the provisions of ERISA. Because ERISA
21 expressly governs all disputes as to an employee's enforcement of rights under the Plan, the Court
22 must rely exclusively on these provisions to determine if any violations occurred.

23      20.    Accordingly, this Court has original jurisdiction over Plaintiffs' action pursuant to
24 ERISA Section 502(e)(1), 29 U.S.C. Section 1132(e)(1). Plaintiffs' action, though it purports to

---

[2] The *Wignes* court based its decision on a prior version of the Aon Excess Benefit Plan, but specifically relied on the exact same language used in the Plan.

[3] *See* Fed. R. App. Proc. 32.1 (federal courts can no longer bar citation to unpublished opinions decided after January 1, 2007).

raise only state law claims, is necessarily federal in character. Plaintiffs' action, therefore, "arise[s] under the . . . laws . . . of the United States," 28 U.S.C. Section 1331, and is removable to federal court pursuant to 28 U.S.C. Section 1441(b).

21. This Court has pendent jurisdiction over any and all remaining state law claims in the Second Amended Complaint, as they are transactionally related to the federal law issues. Convenience, judicial economy, and fairness to the parties require that all of Plaintiffs' claims be litigated together in a single forum. 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

22. Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiffs and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California in the State Court Action. A true and correct copy of the Notice to the Clerk of the Superior Court and to Plaintiffs of Removal of the State Court Action (without exhibits) is attached hereto as Exhibit "D."

23. This Notice of Removal has been personally served on counsel for Plaintiffs. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

WHEREFORE, Defendants remove the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles to this Court, by timely filing this Notice of Removal.

Dated: March 8, 2012

DLA PIPER LLP (US)

By _____
SHAND S. STEPHENS
MARGARET L. PARKER
ERIC S. BEANE
Attorneys for Defendants
AON RISK SERVICES COMPANIES, INC.
and AON RISK INSURANCE SERVICES WEST, INC.

Exhibits A – D
to follow in
separate transmissions

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

### CV12- 1966 DSF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PETER ARKLEY, an individual; MICHAEL D. PARIZINO, an individual; KEN CALDWELL, an individual, and ALLIANT INSURANCE SERVICES, INC., a Delaware Corporation

**DEFENDANTS**
AON RISK SERVICES COMPANIES, INC., a Delaware corporation; AON RISK INSURANCE SERVICES WEST, INC., a California corporation; AON CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Christopher J. Cox (Bar No. 151650)
Gregory D. Hull (Bar No. 57367)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, Redwood Shores, CA 94065
Tel: (650) 802-3100

Attorneys (If Known)
SHAND S. STEPHENS (Bar No. 67694)
MARGARET L. PARKER (Bar No. 129897)
ANDREW E. SAXON (Bar No. 227344)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:(415) 836-2500

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiffs seek to enforce rights and benefits under an employee benefit plan preempted by ERISA. See 29 U.S.C. § 1132; 1144.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☒ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-01966

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Orange | Delaware |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Maryland & Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Orange | Illinois, New York |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Margaret Parker / esq_   Date _3/7/12_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |