CHRISTOPHER J. COX (Bar No. 151650)
Email: chris.cox@weil.com
GREGORY D. HULL (Bar No. 57367)
Email: greg.hull@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

JEFFREY S. KLEIN (*Pro Hac Vice Pending*)
Email: jeffrey.klein@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007


Attorneys for Plaintiffs
Peter Arkley, Michael D. Parizino, Ken
Caldwell, and Alliant Insurance Services, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER ARKLEY; MICHAEL D. PARIZINO; KEN CALDWELL; and ALLIANT INSURANCE SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AON RISK SERVICES COMPANIES, INC.; AON RISK INSURANCE SERVICES WEST, INC., AON CORPORATION, et al., <br><br> Defendants. | Case No. CV12-01966 DSF (RZx) <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON THEIR FIRST, SECOND, AND THIRD CAUSES OF ACTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:    May 14, 2012 <br> Time:    1:30 p.m. <br> Ctrm.    840 <br> Judge:   Honorable Dale S. Fischer |

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 14, 2012 at 1:30 p.m., or as soon thereafter as the matter can be heard in Courtroom 840 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Plaintiffs Peter Arkley, Michael D. Parizino, Kenneth Caldwell ("Individual Plaintiffs") and Alliant Insurance Services, Inc., (together with the Individual Plaintiffs, "Plaintiffs"), will move this Court for an order granting partial summary judgment in favor of Plaintiffs on Plaintiffs' First Cause of Action for Declaratory Relief, Second Cause of Action for Declaratory Relief with respect to the Aon Stock Incentive Plan, and Third Cause of Action for Unfair Business Practice against Defendants Aon Corporation ("Aon Corp."), Aon Risk Services Companies, Inc. ("Aon Risk"), and Aon Risk Insurance Services West, Inc. ("Aon West," collectively "Defendants").

This Motion for Summary Judgment is made pursuant to Federal Rule of Civil Procedure 56(a) on the grounds that Plaintiffs are entitled to judgment as a matter of law as to:

1. Plaintiffs' First Cause of Action – Declaratory relief that the covenants not to compete contained in the Individual Plaintiffs' employment agreements, Aon Construction Group Performance Incentive Program ("PIP"), and the Aon Corporation Leadership Performance Program ("LPP") are facially void and unenforceable under California Business & Professions Code § 16600.

2. Plaintiffs' Second Cause of Action with respect to the Aon Stock Incentive Plan – Declaratory relief that the covenants not to compete contained in the Individual Plaintiffs' Aon Stock Incentive Plan are facially void and unenforceable under California Business & Professions Code § 16600.

3. Plaintiffs' Third Cause of Action – Defendants' use of the facially

void restrictive covenants constitutes an unlawful business practice under California Business & Professions Code § 17200.

This Motion for Partial Summary Judgment ("Motion") is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declarations of Christopher J. Cox, Peter Arkley, Michael D. Parizino, and Kenneth Caldwell, Separate Statement of Uncontroverted Facts and Conclusions of Law, and the Proposed Order, the complete pleadings and records on file herein and on such other evidence and argument as may be presented to the Court at or before the hearing on this Motion.

**CERTIFICATION OF PRE-FILING CONFERENCE OF COUNSEL**

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 15, 2012.


Dated: March 30, 2012          WEIL, GOTSHAL & MANGES LLP


By:  _____*/s/ Christopher J. Cox*_____
Christopher J. Cox
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone: (650) 802-3000

JEFFREY S. KLEIN (*Pro Hac Vice Pending*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000

Attorneys for Plaintiffs
Peter Arkley, Michael D. Parizino, Ken
Caldwell, and Alliant Insurance Services, Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.    INTRODUCTION ........................................................................... 1

II.   UNDISPUTED MATERIAL FACTS ............................................... 3

    A.    Use of Non-Competes in the Individual Plaintiffs' Employment Agreements with Aon Risk and Aon West .......................................... 3

    B.    Use of Non-Competes in the Individual Plaintiffs' Equity Agreements with Defendants ................................................... 4

    C.    Defendants' Attempts to Enforce the Covenants Not to Compete ...... 5

III.  PARTIAL SUMMARY JUDGMENT AS TO THE FIRST, SECOND, AND THIRD CAUSES OF ACTION IS APPROPRIATE ........................... 7

    A.    Plaintiffs Are Entitled To Declaratory Relief on The First Cause of Action ...................................................................... 8

        1.   California Law Governs the Covenants Not to Compete at Issue ........................................................................... 8

            a.    The Covenants Not To Compete in the Individual Plaintiffs' Employment Agreements and PIP are Governed by California Law ............................................. 9

                (1)   Application of Illinois Law to the Covenants not to Compete is Contrary to California's Fundamental Public Policy Articulated in California Business and Professions Code § 16600 ........................................... 9

                (2)   California Has a Materially Greater Interest in the Determination of the Particular Issue ........ 11

            b.    The Covenants Not To Compete in the Individual Plaintiffs' LPP are Governed by California Law not Illinois Law .................................................... 12

        2.   The Covenants Not To Compete in the Individual Plaintiffs' Employment Agreements, PIP, and LPP Are Void Under California Law ........................................ 13

        3.   No Statutory Exceptions To Section 16600 Apply ............... 15

        4.   Judicially-Created Exceptions to Section 16600 are Impermissible Under California Law .................................. 15

        5.   The Covenants not to Compete at Issue Are Not Necessary to Protect any Trade Secret .................................. 17

        6.   Unclean Hands is Not A Defense to a Section 16600 Claim ......................................................................... 18

    B.    Plaintiffs Are Entitled to Summary Judgment on the Second Cause of Action as it Relates to the Invalidity and Enforceability of the Covenants Not to Compete in the Aon Stock Incentive Plan .............................................................................. 19

i

1

**TABLE OF CONTENTS**
**(continued)**

2

**Page**

3

        1.    The Covenants Not To Compete in the Individual
Plaintiffs' Stock Incentive Plan Are Void as a Matter of

4

             Law ................................................................................... 19

        2.    No Statutory Exceptions to Section 16600 Apply Here ........... 20

5

   C.    Plaintiffs Are Entitled to Judgment as a Matter of Law on the

6

          Third Cause of Action.......................................................... 20

7

IV.   CONCLUSION ............................................................................. 21

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MTN FOR PARTIAL SUMMARY
JUDGMENT

Case No. CV12-01966 DSF (RZx)

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*ABF Capital Corp. v. Berglass,*
   126 Cal. App. 4th 204, 23 Cal. Rptr. 3d 803 (2005)...........................................12

*Align Technology, Inc. v. Bao Tran,*
   179 Cal. App .4th 949, 102 Cal. Rptr. 3d 343 (2009).........................................6

*Application Group, Inc. v. Hunter Group, Inc.,*
   61 Cal. App. 4th 881, 72 Cal. Rptr. 2d 72 (1998).......................................passim

*Applied Materials Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.,*
   630 F. Supp. 2d. 1084 (N.D. Cal. 2009)......................................................17, 21

*Armed Forces Communications, Inc. v. Cass Communications, Inc.,*
   Nos. 93-56373, 94-55336, 1995 WL 398719 (9th Cir. July 5, 1995)...............10

*Asset Mktg. Sys., Inc. v. Gagnon,*
   542 F.3d 748 (9th Cir. 2008) .............................................................................13

*Aussie Pet Mobile, Inc. v. Benton,*
   No. SACV 09-1407 AG, 2010 WL 2629556 (C.D. Cal June 28, 2010)............17

*Baird and Warner Residential Sales, Inc. v. Mazzone,*
   384 Ill. App. 3d 586, 893 N.E. 2d 1010 (Ill. App., 2008).......................9, 11, 12

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
   20 Cal. 4th 163, 83 Cal. Rptr. 2d 548 (1999).....................................................20

*Celotex Corp. v. Catrett,*
   477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) .....................................7

*D'sa v. Playhut, Inc.,*
   85 Cal. App. 4th 927, 102 Cal. Rptr. 2d 495 (2000).........................................18

*Dowell v. Biosense Webster, Inc.,*
   179 Cal. App. 4th 564, 102 Cal. Rptr. 3d 1 (2009)....................................passim

*Edwards v. Arthur Anderson, LLP,*
   44 Cal. 4th 937, 81 Cal. Rptr. 3d 282 (2008)............................................passim

iii

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  20 Cal. App. 3d 668, 97 Cal. Rptr. 811 (1971) .................................................. 10

*Globespan, Inc. v. O'Neill*,
  151 F. Supp. 2d 1229 (C.D. Cal. 2001) ....................................................... 12, 13

*Gramercy Investment Trust v. Lakemont Homes Nevada, Inc.*,
  198 Cal. App. 4th 903, 130 Cal. Rptr. 3d 496 (2011) .......................................... 9

*Hill Med. Corp. v. Wycoff*,
  86 Cal. App. 4th 895, 103 Cal. Rptr. 2d 779 (2001) ......................................... 13

*Kashani v. Tsann Kuen China Enterprise Co., Ltd.*,
  118 Cal. App. 4th 531, 13 Cal. Rptr. 3d 174 (2004) ......................................... 10

*Kofsky v. Smart and Final Iris Co.*,
  131 Cal. App. 2d 530 (1995) ...................................................................... 18

*Kolani v. Gluska*,
  64 Cal. App. 4th 402, 75 Cal. Rptr. 2d 257 (1998) ........................................... 14

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) .............................. 8, 19

*Mencor Enterprises, Inc. v. Hets Equities Corp.*,
  190 Cal. App. 3d 432, 235 Cal. Rptr. 464 (1987) ............................................. 10

*Metro Traffic Control, Inc. v. Shadow Traffic Network*,
  22 Cal. App. 4th 853, 27 Cal. Rptr. 2d 573 (1994) ........................................... 14

*Nedlloyd Lines B.V. v. Superior Court*,
  3 Cal. 4th 459, 11 Cal. Rptr. 2d 330 (1992) ................................................ 9, 11

*Paracor Fin., Inc. v. General Electric Capital Corp.*,
  96 F.3d 1151 (9th Cir. 1996) ........................................................................ 8

*Paulsen v. CNF Inc.*,
  559 F.3d 1061 (9th Cir. 2000) ...................................................................... 8

*Retirement Group v. Galante*,
  176 Cal. App. 4th 1226 (2009) ............................................................... 12, 16

iv

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Richmond Technologies, Inc., v. Aumtech Business Solutions*,
  No. 11 CV-02460 LHK, 2011 WL 2607158 (N.D. Cal. July 1, 2011)..............20

*Ruiz v. Affinity Logistics Corp.*,
  667 F.3d 1318 (9th Cir. 2012) ................................................................................9

*Silguero v. Creteguard, Inc.*,
  187 Cal. App. 4th 60, 113 Cal. Rptr. 3d 653 (2010) ....................................14, 20

*The Aspect Group v. Movietickets.com, Inc.*,
  No. CV 05-3125 SFEX, 2006 WL 5894608, at *5 (C.D. Cal. Jan. 24,
  2006) .......................................................................................................................9

*Ticconi v. Blue Shield*,
  160 Cal. App. 4th 528, 72 Cal. Rptr. 3d 888 (2008) ...........................................18

*Washington Mutual Bank, FA v. Superior Court*,
  24 Cal. 4th 906, 103 Cal. Rptr. 2d 320 (2001) ....................................................12

**STATUTES**

28 U.S.C. § 2201.........................................................................................................8, 19

California Business & Professions Code § 17200...........................................passim

California Business & Professions Code § 16600...........................................passim

California Code Civ. Proc., § 426.30 (a) .......................................................................6

California Code of Civ. Proc. § 1060 .........................................................................19

California Labor Code § 432.5 .....................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ....................................................................................................7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Despite a finding of the Superior Court of the State of California, County of Los Angeles ("California Court") in its December 2, 2011 Tentative Ruling that the non-competition clauses in each of the plaintiff's employment agreements "violated [Business & Professions Code § 16600] and are unenforceable under California law."   Defendants continue to circumvent California law and disregard the public policy of this State by attempting to enforce covenants not to compete against Peter Arkley, Michael Parizino, and Kenneth Caldwell ("Individual Plaintiffs"), who are all California residents and working for Alliant Insurance Services Inc. ("Alliant"), a California employer.   Although the instant action for declaratory relief was filed first in the California Court, Defendants continue to attempt to enforce illegal covenants which flout the weight and authority of California law and public policy.   Knowing the Individual Plaintiffs intended to seek summary judgment in the California Court, Defendants have now removed to this Court—the fourth jurisdiction to entertain this dispute— in an unmistakable effort to seek to delay a ruling.   However, Defendants' latest gambit cannot avoid the inevitable ruling that the covenants not to compete at issue are void and unenforceable as a matter of law.

Pursuant to Ninth Circuit jurisprudence, in a federal question action that involves supplemental jurisdiction over state law claims, the district court applies the choice of law rules of the forum state—here California.   Because the covenants at issue contravene fundamental California public policy in favor of employee mobility and because California has the greater interest in resolution of this dispute, California law will apply here despite Illinois choice-of-law provisions in various agreements.   California law, in turn, holds that the covenants not to compete at issue are void and unenforceable under Business & Professions Code § 16600.   Indeed, the California Court, from which this action was removed, has

already reached that conclusion with respect to the covenants not to compete in the employment agreements:

> Illinois law governing non-competition clauses is contrary to the fundamental policy of California declaring such clauses void, save for the three statutory exceptions not applicable here. California has a materially greater interest in refusing to enforce such non-competition clauses than does Illinois in encouraging uniformity and predictability of contracts for its corporate residents. As such, the Court finds that the non-competition clauses found in each Plaintiff's employment agreement are unenforceable because they violate Business and Profession Code § 16600.

Plaintiffs' Separate Statement of Uncontroverted Facts and Conclusions of Law ("UF") No. 2.[1] Consistent with the findings of the California Court, partial summary judgment should be entered on Plaintiffs' behalf. Specifically, Plaintiffs seek in this Motion for Partial Summary Judgment ("Motion"): (1) a declaration that California law controls the covenants not to compete contained in the employment agreements and the Aon Construction Group Performance Incentive Program ("PIP"), the Aon Corporation Leadership Performance Program ("LPP") and the Aon Stock Incentive Plan ("Stock Incentive Plan") between the Individual Plaintiffs and Defendants; (2) a declaration that the covenants not to compete contained in the employment agreements, the PIP, the LPP, and the Stock Incentive Plan between the Individual Plaintiffs and Defendants are void and unenforceable because they violate California Business & Professions Code § 16600; and (3) a finding that Defendants' use of the covenants not to compete in violation of

---

[1] While finding that the Individual Plaintiffs' employment agreements are facially invalid under California Business & Professions Code § 16600, the California Court denied Plaintiffs' Motion for Summary Judgment or, Alternatively Summary Adjudication ("Plaintiffs' Original Motion") without prejudice on procedural grounds. UF Nos. 2. Defendants removed this action to federal court before Plaintiffs could file their renewed motion for summary adjudication based on the Second Amended Complaint ("SAC"). UF Nos. 4.

California Business & Professions Code § 16600 constitutes a violation of California Business & Professions Code § 17200.

## II.   UNDISPUTED MATERIAL FACTS

### A.   Use of Non-Competes in the Individual Plaintiffs' Employment Agreements with Aon Risk and Aon West

The Individual Plaintiffs were employees of Aon Risk Services Companies, Inc. ("Aon Risk"), and Aon Risk Insurance Services West, Inc. ("Aon West").  UF Nos. 7, 24, 38.  Mr. Arkley and Mr. Parizino were employed by Aon Risk, and Defendant Caldwell was employed by Aon West.  *Id.*  During their entire tenure with Aon Risk and Aon West, Mr. Arkley, Mr. Parizino, and Mr. Caldwell resided continuously in California and worked out of Aon Risk's and Aon West's California offices.  UF Nos. 9, 10, 25, 26, 40, 41.  Mr. Arkley, Mr. Parizino, and Mr. Caldwell remain residents of California to this day.  UF Nos. 6, 23, 37.

During their employment with Aon Risk and Aon West, the Individual Plaintiffs entered into employment agreements, which contain extremely broad covenants not to compete.  UF Nos.  11, 13, 27, 29, 42, 44.  These covenants purport to prevent the Individual Plaintiffs for a period of two years post-employment from, *inter alia,* accepting or doing business with any of the customers they serviced during the last 24 months of employment at Aon Risk and Aon West.  UF Nos. 13, 29, 44.  The employment agreements of Mr. Parizino and Mr. Arkley include the additional restriction that neither may accept business from or otherwise enter into business with any client that they "became familiar with" during the 24 months prior to their employment with Aon Risk.[2]  UF Nos. 13, 29.  Each of the Individual Plaintiffs' employment agreements contains a separate covenant

---

[2] Section 4(a) of Mr. Parizino's employment agreement also includes an additional provision, invalidating restrictive covenants under section 4 of his employment agreement, including the covenant not to compete at issue here, if his employment agreement is not renewed. Section 4(a) states in relevant part:  "The restrictions in this Section shall be void and of no effect if the Company elects not to renew this Agreement."  UF No.30.  Mr. Parizino's employment agreement was not renewed by Aon Risk.  UF No. 34.

governing protection of trade secrets and confidential information, distinct from the covenant not to compete.  UF Nos. 14, 31, 45.

Although none of the Individual Plaintiffs were residents of Illinois, their respective employment agreements with Aon Risk and Aon West[3] include a choice of law provision designating the governing law as "the State of Illinois, without giving effect to conflict of law principles."  UF Nos. 15, 32, 46.  The employment agreements do not contain forum selection or venue clauses.  UF Nos. 16, 33, 47.

The Individual Plaintiffs' employment agreements expired by their own terms on April 30, 2011, and all three of the Individual Plaintiffs continued to work for Aon Risk and Aon West without new employment agreements.  UF Nos. 17, 18, 34, 35, 48, 49.  On June 13, 2011, the Individual Plaintiffs joined Alliant in California.  UF Nos. 22, 36, 50.  Alliant is a Delaware Corporation with its principal place of business in San Diego, California.  UF No. 5.

**B.**  **Use of Non-Competes in the Individual Plaintiffs' Equity Agreements with Defendants**

The Individual Plaintiffs entered into agreements relating to their participation in various stock incentive plans.  UF Nos. 51, 56, 61, 66, 71, 76, 77, 78.  Mr. Parizino and Mr. Caldwell participated in, and entered into agreements governing, *inter alia*, the (1) Aon Construction Group Performance Incentive Program ("PIP"), (2) the Aon Corporation Leadership Performance Program ("LPP"), and (3) the Aon Stock Incentive Plan ("Stock Incentive Plan").  UF Nos. 56, 61, 66, 71, 77, 78.  Mr. Arkley participated in the PIP and the Stock Incentive Plan.  UF Nos. 51, 76.  These plans were all signed by and on behalf of Aon Corporation ("Aon Corp.").  UF Nos. 55, 60, 65, 70, 75, 79.  Aon Corp., a Delaware Corporation, is the parent entity of Aon Risk and Aon West.  UF Nos. 20,

---

[3] Upon information and belief, Aon Risk is a Delaware Corporation and Aon West is a California Corporation.  UF Nos. 8, 39.

21.   The PIP, LPP, and Stock Incentive Plan each contain a covenant not to compete, purporting to prevent the Individual Plaintiffs, for a period of two years post employment, from, *inter alia*, accepting or doing business with any of the customers they serviced or whose account they became familiar with during their last 24 months of employment.   UF Nos. 52, 57, 62, 67, 72, 80.   The Stock Incentive Plan contains a separate covenant governing protection of trade secrets and confidential information, distinct from the covenant not to compete.   UF No. 83.   The PIP and the Stock Incentive Plan contain an Illinois choice of law provision.   UF Nos. 53, 58, 63, 81.   The LPP does not contain a choice of law provision.   UF Nos. 68, 73.   None of the stock plans has a venue or forum selection clause.   UF Nos. 54, 59, 64, 69, 74, 82.

### C.   Defendants' Attempts to Enforce the Covenants Not to Compete

On or about June 7, 2011, Aon Corp. sent Peter Arkley a letter, dated June 6, 2011, advising him of his "obligations under [his] Non-Competition and Non-Solicitation Covenants" and asserting that he could not "for two years after the end of employment, compete directly or indirectly in any way with the business of Aon Group."   UF No. 19.   On June 13, 2011, the Individual Plaintiffs filed the original complaint in this action against Aon Risk and Aon West in the California Court asserting causes of action, including declaratory relief and violations of California Business & Professions Code § 16600, California Labor Code § 432.5, and California Business & Professions Code § 17200.   UF No. 85.   On June 17, 2011, Alliant joined as a Plaintiff through the First Amended Complaint ("FAC").   UF No. 86.   In its Answer to the FAC, Defendants denied that the covenants in the employment agreements were void and unenforceable.   UF. No. 87.   On February 9, 2012, Plaintiffs filed the Second Amended Complaint ("SAC"), adding Aon Corp. as a Defendant and including additional causes of action against Defendants.   UF No. 88.

On June 15, 2011, *despite this action being filed first and covering the*

*same covenants*, Aon Risk and Aon West, filed a separate lawsuit against Plaintiffs in the Circuit Court of Cook County, Illinois ("Illinois Action") and obtained a temporary restraining order based on, *inter alia*, alleged violations by the Individual Plaintiffs of the covenants not to compete set forth in their employment agreements and the PIP.  UF No. 89[4].  On September 9, 2011, the court in the Illinois Action held a hearing on Alliant's motion to dismiss the Illinois Action for forum non conveniens and the court suggested that California was the more appropriate forum to resolve that action.  UF No. 90.  On September 12, 2011, the court in the Illinois Action issued an order granting Alliant's motion to dismiss.  UF No. 91.

Rather than return to the California Court, on September 26, 2011, Aon Corp. and Aon Risk Services Northeast, Inc. ("Aon Northeast")—neither of which was ever the Individual Plaintiffs' employer—filed an "emergency application" to add Alliant as a defendant to a lawsuit previously filed on June 15, 2011 in New York State Court against a former employee of Aon Northeast ("New York Action").  UF No. 92.  Through its "emergency application," Aon Corp and Aon Northeast sought and obtained a TRO in the New York Action.  UF Nos. 93, 94.  On December 21, 2011, the court in the New York Action entered a preliminary injunction.  UF No. 95.

On February 17, 2012, the court in the New York Action denied Aon Corp's and Aon Northeast's application for an order of civil contempt based on Aon Corp. and Aon Northeast's improper and overly broad interpretation of the very narrow preliminary injunction which was limited to a former Aon Northeast employee who is a resident of Massachusetts.  UF No. 97.  The Court rejected Aon Corp. and Aon Northeast's efforts to construe the preliminary injunction to include the Individual Plaintiffs, finding that the "application is premised solely on the

---

[4] Defendants' claims regarding the enforceability of the covenants at issue were compulsory counterclaims in the California action (*see* California Code Civ. Proc., § 426.30 (a); *see also Align Technology, Inc. v. Bao Tran*, 179 Cal. App .4th 949, 959-960, 102 Cal. Rptr. 3d 343, 350-352 (2009)), but instead Defendants brought them in Illinois.

conduct of non-parties…who have lived and worked in California" and that "it is clear that I [the court in New York] cannot enforce [their] restrictive covenants, as they are…non-parties, as well as California residents over whom I have no jurisdiction." UF No. 98.

On March 8, 2012, Defendants removed the California action to this Court. UF No. 100. On March 15, 2012, Defendants filed their Joint Answer to Plaintiffs' Second Amended Complaint ("Answer to SAC") and Counterclaims. UF Nos. 101, 105. In their Answer to the SAC, Defendants deny that the covenants not to compete set forth in the Employment Agreements, the PIP, the LPP, and the Aon Stock Incentive Plan are facially invalid and therefore unenforceable as a matter of law pursuant to section 16600 of California Business & Professions Code. UF No. 102. Defendants assert in their Answer to the SAC and Counterclaims that the covenants not to compete at issue in this Motion are valid and enforceable as to the Individual Plaintiffs, and they continue to assert them. UF Nos. 103, 104.

## III. <u>PARTIAL SUMMARY JUDGMENT AS TO THE FIRST, SECOND, AND THIRD CAUSES OF ACTION IS APPROPRIATE</u>

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party may move for summary judgment, identifying each claim [] or the part of each claim [] on which summary judgment is sought." *Id.* The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, 274 (1986). The burden then shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.

### A. <u>Plaintiffs Are Entitled To Declaratory Relief on The First Cause of Action</u>

"In a case of actual controversy within its jurisdiction…any court of

the United States…may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.   Here, an actual controversy exists involving justiciable questions relating to the validity of the covenants not to compete and the obligations of the Individual Plaintiffs to abide by them.  Defendants first raised a justiciable controversy by threatening Mr. Arkley through the June 6, 2011 letter advising him of his obligations under his employment agreement, which provided grounds for Plaintiffs' initial complaint, which was filed on June 13, 2011. Defendants' assertion of the restrictive covenants has continued unabated to today through their Joint Answer to the SAC and Counterclaims asserting that the covenants not to compete in the Individual Plaintiffs' employment agreements, PIP, and LPP are enforceable.  *See* UF Nos. 103, 105.  Thus, a case or controversy exists with respect to rights and duties of the parties under the covenants not to compete in the employment agreements, the PIP, and the LPP between the Individual Plaintiffs and Defendants. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 771, 166 L. Ed. 2d 604, 615 (2007) ("the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.")

          1.   <u>California Law Governs the Covenants Not to Compete at Issue</u>

Where the federal court is exercising jurisdiction over state claims, "the federal court applies the choice-of law rules of the forum state," which in this case is California.  *Paracor Fin., Inc. v. General Electric Capital Corp.*, 96 F.3d 1151, 1164 (9th Cir. 1996); *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1080 (9th Cir. 2000) ("In a federal question action that involves supplemental jurisdiction over state law claims, we apply the choice of law rules of the forum state-here, California.")

1
2

        a.      The Covenants Not To Compete in the Individual
                Plaintiffs' Employment Agreements and PIP are
                Governed by California Law

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

     The Individual Plaintiffs' employment agreements and PIP contain an Illinois choice of law provision; the LPP does not.  To determine the enforceability of a contractual choice of law provision, California courts first determine whether the chosen state has a substantial relationship to the parties or their transaction or whether there is any other reasonable basis for the parties' choice of law.  *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 466, 11 Cal. Rptr. 2d 330, 334 (1992); *Gramercy Investment Trust v. Lakemont Homes Nevada, Inc.*, 198 Cal. App. 4th 903, 909, 130 Cal. Rptr. 3d 496, 500-501 (2011); *see also Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1372-1374 (9th Cir. 2012).  If either test is met, the court must next determine whether the chosen state's law is contrary to the fundamental policy of California.  *See Nedlloyd Lines B.V.*, 3 Cal. 4th at 466; *see also The Aspect Group v. Movietickets.com, Inc.*, No. CV 05-3125 SFEX, 2006 WL 5894608, at *5 (C.D. Cal. Jan. 24, 2006).  Under this analysis, a choice of law provision is unenforceable if: (1) the chosen law is contrary to the fundamental policy of California; and (2) California has a materially greater interest in the determination of the issue.  *Nedlloyd Lines B.V.*, 3 Cal. 4th at 466.

19
20
21

        (1)    Application of Illinois Law to the Covenants not to
               Compete is Contrary to California's Fundamental
               Public Policy Articulated in California Business
               and Professions Code § 16600

22
23
24
25
26
27
28

     Under Illinois law, non-competition clauses appear to be enforceable if found to be reasonable under the legitimate business interest test.  *See e.g. Baird and Warner Residential Sales, Inc. v. Mazzone*,  384 Ill. App. 3d 586, 590, 893 N.E. 2d 1010, 1014 (Ill. App., 2008).  Such enforcement, however, is contrary to the fundamental policy of California articulated in California Business & Professions Code § 16600, which voids "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind."  California

Business & Professions Code § 16600; *See also Edwards v. Arthur Anderson, LLP*, 44 Cal. 4th 937, 942, 81 Cal. Rptr. 3d 282, 285 (2008) (finding void a covenant not to compete, which prevented a California accountant from providing services to former clients serviced during the final eighteen months of his employment); *Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 20 Cal. App. 3d 668, 673, 97 Cal. Rptr. 811, 814 (1971) (Section 16600 held to be a "strong public policy" that invalidates forfeiture clause in contract designating New York law).

Defendants cannot circumvent this fundamental policy by relying on the Illinois choice of law provision contained in the employment contracts and the PIP.  *See Mencor Enterprises, Inc. v. Hets Equities Corp.*, 190 Cal. App. 3d 432, 435, 235 Cal. Rptr. 464, 466 (1987) ("The parties to a contract may specify the law to be followed in matters concerning the contract and a California court will apply the law so selected if enforcement of the contract does not result in an evasion of settled public policy or California law protective of the rights of its citizens.") (emphasis added); *See also Kashani v. Tsann Kuen China Enterprise Co., Ltd.*, 118 Cal. App. 4th 531, 543, 13 Cal. Rptr. 3d 174, 181 (2004) quoting *Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,  20 Cal. App. 3d 668, 673; *see also Armed Forces Communications, Inc. v. Cass Communications, Inc.*, Nos. 93-56373, 94-55336, 1995 WL 398719, at *1 (9th Cir. July 5, 1995) ("Under California law, a court cannot give force to a choice of law provision if the contract includes clauses that violate a strong California public policy.") (internal citation omitted).

The specific question of whether a party can evade California Business & Professions Code § 16600 by use of a contractual choice of law provision was resolved in *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 72 Cal. Rptr. 2d 72 (1998).   There, a former Maryland employee and her new California employer sued the employee's former Maryland employer for a declaration that the covenant not to compete in her employment contract was void under California Business & Professions Code § 16600, despite a choice of law

clause calling for application of Maryland law.  Relying on *Nedlloyd Lines*, the court in *Application Group* held that section 16600 constituted a fundamental public policy of the State of California that trumped Maryland's contacts with the dispute and, therefore, the Maryland choice of law clause was disregarded in favor of California law.  *Id.* at 909.

                (2)     <u>California Has a Materially Greater Interest in the Determination of the Particular Issue</u>

      The Illinois choice of law provision in the employment agreements and the PIP of the Individual Plaintiffs should not be enforced because California— not Illinois—has a materially greater interest in protecting the Individual Plaintiffs, who are California residents, from restraint on open competition and employee mobility.  *Compare Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 575- 579, 102 Cal. Rptr. 3d 1, 8-12 (2009) ("California courts 'have consistently affirmed that section 16600 evinces a settled legislative policy in favor of open competition and employee mobility.'"), *and Baird*, 384 Ill. App. 3d at 590 ("A restrictive covenant may be held valid and enforceable if its terms are reasonable and necessary to protect a legitimate business interest of the employer") (internal quotation marks omitted).  Where the Individual Plaintiffs are California residents who intend to continue to work in California for Alliant, a California employer, California's interest in ensuring open competition and employee mobility is materially greater than any interest that Illinois may have in enforcing the covenants not to compete at issue.  *See Application Group*, 61 Cal. App. 4th at 900- 901 ("California has a strong interest in protecting the freedom of movement of persons whom California-based employers wish to employ to provide services in California . . . and we see no reason why these employees' interests should not be deemed paramount to the competitive business interests of out-of-state as well as in-state employers.") (Internal citation omitted).  Indeed, in applying this reasoning, the California Court in its December 2, 2011 Tentative Ruling on Plaintiffs'

Original Motion recognized that "California has a materially greater interest in refusing to enforce [the restrictive covenants in the Individual Plaintiffs' employment agreements with Defendants] than does Illinois in encouraging uniformity and predictability of contracts for its corporate residents."  UF. No. 2.

Accordingly, the choice of Illinois law in the employment agreements and the PIP must be disregarded.  California law controls.

> b.   The Covenants Not To Compete in the Individual Plaintiffs' LPP are Governed by California Law not Illinois Law

In contrast to the Individual Plaintiffs' employment agreements and PIP, the Individual Plaintiffs' LPP does not contain a choice of law provision.  In such a case, California courts and the Ninth Circuit employ the "governmental interest analysis" in determining the appropriate choice of law.  *ABF Capital Corp. v. Berglass*, 126 Cal. App. 4th 204, 215, 23 Cal. Rptr. 3d 803, 809 (2005), *Washington Mutual Bank, FA v. Superior Court*, 24 Cal. 4th 906, 919, 103 Cal. Rptr. 2d 320, 330 (2001); *Application Group*, 61 Cal. App. 4th at 896, citing *S.A. Empresa, etc. v. Boeing Co.*, 641 F.2d 746 (9th Cir. 1981); s*ee also Globespan, Inc. v. O'Neill*, 151 F. Supp. 2d 1229 (C.D. Cal. 2001).  Under this approach, California law applies unless the foreign law conflicts with California law and both jurisdictions have significant interests in having their law applied.  *Application Group,* 61 Cal. App. 4th at 896.  Where significant interests conflict, the court must assess the "comparative impairment" of each state's policies and apply the law of the state whose policies would suffer the most impairment were a different state's law applied.  *Id.*

As discussed previously, under Illinois law, covenants not to compete are enforceable if the terms are reasonable and necessary to protect a legitimate business interest (s*ee e.g. Baird*,  384 Ill. App. 3d at 590), thus application of Illinois law here would conflict with California law and impede California public policy.  *See Retirement Group v. Galante*, 176 Cal. App. 4th 1226 (2009) (finding

that "California long ago rejected the so-called 'rule of reasonableness'" when it enacted "legislative enactments [that] settled public policy in favor of open competition"); *Globespan*, 151 F. Supp. 2d at 1234 (finding that litigation under New Jersey law will impair the public policy of California, as articulated in California Business & Professions Code § 16600, favoring employee mobility where New Jersey does not have a comparable public policy regarding employee mobility). Thus, the "comparative impairment" of each state's policies warrants application of California law with respect to the covenant not to compete in the LPP, as California's interest would suffer the greater impairment under application of Illinois law. *See Application Group*, 61 Cal. App. 4th at 896, citing *S.A. Empresa*, 641 F.2d at 746; *see also Globespan*, 151 F. Supp. 2d at 1229.

> 2.   The Covenants Not To Compete in the Individual Plaintiffs' Employment Agreements, PIP, and LPP Are Void Under California Law

California Business & Professions Code § 16600 states in its entirety:

> Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void.

Section 16600, as consistently applied by California courts, articulates a settled legislative policy in favor of open competition, designed to ensure employee mobility and to protect an individual employee's right to pursue the profession, trade, or business of his or her choosing, as well as to protect the ability of California employers to compete for skilled employees. *Edwards*, 44 Cal. 4th at 942 (finding void a covenant not to compete, which prevented a California accountant from providing services to former clients serviced during the final eighteen months of his employment); *Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 758 (9th Cir. 2008) (granting summary judgment for defendant and holding that the district court did not err in finding the non-competition agreements with defendant's employees invalid under section 16600); *Hill Med. Corp. v. Wycoff*, 86

Cal. App. 4th 895, 899-901, 103 Cal. Rptr. 2d 779, 782-784 (2001) (holding noncompetition clauses unlawful as falling "squarely within the proscription of section 16600" and affirming a trial court finding that employee was "not obligated to refrain from competition"); *Kolani v. Gluska*, 64 Cal. App. 4th 402, 408, 75 Cal. Rptr. 2d 257, 260 (1998) (holding an employer's covenant not to compete unenforceable against a California resident); *Metro Traffic Control, Inc. v. Shadow Traffic Network*, 22 Cal. App. 4th 853, 859, 27 Cal. Rptr. 2d 573, 577 (1994) ("California courts have consistently declared [section 16600] an expression of public policy to ensure that every citizen shall retain the right to pursue any lawful employment and enterprise of their choice."), citing *Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 255, 67 Cal. Rptr. 19, 26 (1968).

As recently reaffirmed in *Silguero v. Creteguard, Inc.*, 187 Cal. App. 4th 60, 67-68, 113 Cal. Rptr. 3d 653, 658-659 (2010), California Business & Professions Code § 16600 is intended to ensure "employee mobility" and that protection is "unambiguous" in that "California Courts have been clear in their expression that section 16600 represents a strong public policy of the state which should not be diluted by judicial fiat." (citing *Edwards*, 44 Cal. 4th at 946, 950). Here, the exceedingly broad covenants against competition contained in the Individual Plaintiffs' employment agreements, PIP, and LPP are designed specifically to restrain trade and violate California Business & Professions Code § 16600 on their face.  Indeed, each of the covenants is unlimited geographically, operates for a two-year period, and prohibits the Individual Plaintiff(s) from competing "directly or indirectly in any way" with Defendants and from entering into or attempting to enter into "any business relationship of the same type or kind as the business relationship which exists between [Defendants] and its clients or customers…."  UF Nos. 13, 29, 44, 52, 57, 62, 67, 72. Because the Individual Plaintiffs are prohibited from competing with Defendants in "any business relationship" for two years after leaving the employment of Defendants, their

"employee mobility" has been restricted and the goal of section 16600 to ensure their ability to work for a competitor is thwarted.  Accordingly, these covenants are void as a matter of law.

Similar covenants were specifically disapproved as violative of California Business & Professions Code § 16600 in *Dowell*, 179 Cal. App. 4th at 575-576.  Those covenants restricted competition for eighteen months and were purportedly limited to protect against competition through the use of confidential information by the former employee.  *Id.*  The broad covenants here are much broader than those rejected in *Dowell* and seek to restrict for two years ***any*** form of competition related to Defendants' customers.  UF Nos. 13, 29, 44, 52, 57, 62, 67, 72.  Thus, the covenants not to compete in the Individual Plaintiffs' employment agreements, PIP, and LPP violate California Business & Professions Code § 16600 and are facially void and unenforceable under California law.

### 3.   No Statutory Exceptions To Section 16600 Apply

In *Edwards v. Arthur Anderson,* 44 Cal. 4th at 942, 955, the California Supreme Court held that "[n]on-competition agreements are invalid under section 16600 in California even if narrowly drawn, unless they fall within the applicable statutory exceptions of sections 16601, 16602, or 16602.5."  None of these statutory exceptions—which address non-compete covenants in the context of the sale or the dissolution of a business (section 16601), dissolution of a partnership (section 16602), or dissolution or sale of a limited liability company (section 16602.5)—applies here.  UF Nos. 84.

### 4.   Judicially-Created Exceptions to Section 16600 are Impermissible Under California Law

The Supreme Court unequivocally held in *Edwards* that California courts "have been clear in their expression that section 16600 represents a strong public policy of the state which should not be diluted by judicial fiat. . . .  Section 16600 is unambiguous, and if the Legislature intended the statute to apply only to

restraints that were unreasonable or overbroad, it could have included language to that effect." *Edwards*, 44 Cal. 4th at 949. *Edwards* thus firmly established that no judicially created exceptions to the broad protections afforded by California Business & Professions Code § 16600 may abrogate its protections and explicitly disapproved of the line of authority which interpreted section 16600 as allowing for "reasonable restraints" on trade. *Id.* While the *Edwards* Court declined to specifically address whether "a so-called trade secret exception" applies to section 16600 on ripeness grounds (*see Edwards*, 44 Cal. 4th at 946 n.4), such an exception was later rejected by the California Court of Appeal. *See Dowell*, 179 Cal. App. 4th at 577 ("we doubt the continued validity of the common law trade secret exception to covenants not to compete . . . ."); *see also Retirement Group*, 176 Cal. App. 4th at 1238 (holding that a claim for misappropriation of a trade secret "is enjoinable not because it falls within a judicially-created 'exception' to section 16600's ban on contractual non-solicitation, but it is instead enjoinable because it is wrongful independent of any contractual undertaking.").

In *Dowell*, defendants asserted an unclean hands defense and argued that the restrictive covenants at issue were tailored to cover unlawful use of trade secrets and evidence showed that the plaintiffs had access to such trade secrets.[5] The court held that the non-compete at issue was facially invalid under section 16600 and rejected *Biosense's* proffer of misappropriation and unclean hands proof:

> But we are satisfied that the trial court could properly make this determination **as a matter of law**. Having properly determined that the clauses were facially void under section 16600, the trial court was not required to undertake any further analysis. (Emphasis added).

*Dowell*, 179 Cal. App. 4th at 579.  Defendants' misappropriation allegations cannot

---

[5]  As an initial matter, Defendants' allegations of misappropriation of trade secrets (*See* Counterclaims, ¶¶ 85-105) are without merit.  The court in the New York Action already dismissed virtually identical claims of misappropriation of trade secret and confidential information asserted by Aon Corp. and Aon Northeast.  UF No. 99.

resurrect an otherwise void covenant not to compete and, thus, should not preclude this Court from granting Plaintiffs' Motion.

     5.   <u>The Covenants not to Compete at Issue Are Not Necessary to Protect any Trade Secret</u>

Even if a "so-called trade secret exception" persists under the law post-*Edwards*—and it should not—any assertion by Defendants that the& covenants not to compete at issue are valid under a trade secret exception to section 16600 would, nonetheless, be unavailing because the express language of the covenants not to compete is not narrowly tied to the protection of any trade secret and does not express an intention to limit the scope of the restriction only to protection of trade secrets. *See Aussie Pet Mobile, Inc. v. Benton,* No. SACV 09-1407 AG, 2010 WL 2629556, at *7 (C.D. Cal June 28, 2010) (finding a restrictive covenant unenforceable under California Business & Professions Code § 16600 because "[t]he broad language and lack of restrictions on the scope of the Exclusive Relationship Clause show that the intent was not merely to protect trade secrets, but also to restrict competition"); *see also Applied Materials Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.*, 630 F. Supp. 2d. 1084, 1090-1091 (N.D. Cal. 2009) (finding that because the restrictive clause at issue "touches post-employment inventions, regardless of when they were conceived or whether they were based on [] confidential information," it "necessarily operates as a restriction on employee mobility").[6]

Here, the covenants not to compete at issue are not narrowly drafted to protect Defendants' trade secrets. Instead they are broad covenants which prevent

---

[6] In reaching its decision that the restrictive covenant at issue was void under section 16600, the court in *Applied Materials* focused on the parties' intent as expressed in the language of the restrictive covenant, noting that the meaning of a contract is a question of law for the court. *Id.* at 1088-89. Finding the restrictive clause void, the court further held that it was "not permitted to apply any narrowing construction" to enforce the otherwise-void restrictive covenant by limiting it only to protection of confidential information or trade secrets *Id.* at 1091 (further following the ruling in *Kolani v. Gluska* declining "to apply the employer's proposed narrowing construction, on the ground that the policy of Business & Professions Code section 16600 would be undermined by doing so").

the Individual Plaintiffs from accepting or doing **any** business, for a period of two years post-employment, with **any** of the customers they serviced during the last 24 months of employment at Aon Risk and Aon West.  In addition, each of the Individual Plaintiffs' employment agreements and the Aon Stock Incentive Plan contains a *separate* restrictive covenant relating to trade secrets and confidential information, completely distinct from the covenant not to compete provision.  UF Nos. 14, 31, 45, 83.  Hence, any argument that the covenants not to compete at issue are *necessary* to protect Defendants' trade secrets is impeached by the agreements themselves.  *See D'sa v. Playhut, Inc.*, 85 Cal. App. 4th 927, 935, 102 Cal. Rptr. 2d 495, 501 (2000) (covenant not to compete could not be interpreted as requisite for protecting trade secrets where other provisions specifically and comprehensively addressed this issue).   Accordingly, Defendants cannot assert a trade secret exception—to the extent such an exception still exists—to salvage otherwise void and unenforceable covenants not to compete.

### 6.    Unclean Hands is Not A Defense to a Section 16600 Claim

In Defendants' Answer to the SAC, Defendants proffered an unclean hands defense.  *See* UF No. 104.  Such a defense does not create a triable issue of fact because it does not apply to claims based on violation of statute.  *See Ticconi v. Blue Shield*, 160 Cal. App. 4th 528, 543, 72 Cal. Rptr. 3d 888, 899 (2008) (discussing claim involving Business & Professions Code § 17200: "To allow such a defense would be to judicially sanction the defendant for engaging in an act declared by statute to be void or against public policy."); *see also Kofsky v. Smart and Final Iris Co.*, 131 Cal. App. 2d 530, 532 (1995) (holding unclean hands defense not available in an unfair practices act violation under Business & Professions Code § 17200).

**B.** **Plaintiffs Are Entitled to Summary Judgment on the Second Cause of Action as it Relates to the Invalidity and Enforceability of the Covenants Not to Compete in the Aon Stock Incentive Plan**[7]

Plaintiffs' Second Cause of Action also prays for declaratory relief, *inter alia*, that the covenants not to compete contained in the Individual Plaintiffs' Stock Incentive Plan are invalid and unenforceable under California Business & Professions Code § 16600.  Defendants deny in their Answer to the SAC that the covenant not to compete in the Stock Incentive Plan is unenforceable and void.  *See* UF No. 102.   Defendants are also attempting to enforce the covenant not to compete in the Stock Incentive Plan in this action.   UF Nos. 103, 105.   Thus, declaratory relief is appropriate as an actual controversy involving justiciable questions exists relating to Plaintiffs' rights.   *See* 28 U.S.C. § 2201; *see also Application Group*, 61 Cal. App. 4th at 892-893 (analysis under Code of Civ. Proc. § 1060); *see also MedImmune*, 549 U.S. at 127.

1.   The Covenants Not To Compete in the Individual Plaintiffs' Stock Incentive Plan Are Void as a Matter of Law

Like the covenants not to compete in the Individual Plaintiffs' employment agreements, PIP, and LPP, the exceedingly broad covenant against competition contained in the Individual Plaintiffs' Stock Incentive Plan violates California Business & Professions Code § 16600 on its face.  The covenant not to compete in the Stock Incentive Plan is unlimited geographically, operates for a two-year period, and prohibits the Individual Plaintiffs from competing "directly or indirectly in any way" with Defendants and from entering into or attempting to enter into "any business relationship of the same type or kind as the business relationship which exists between [Defendants] and its clients or customers…."  UF No. 80.  Thus, such a broad covenant not to compete violates California Business &

---

[7] Plaintiffs do not currently move for summary judgment as to the validity of the restrictive covenants contained in the Individual Plaintiffs' Excess Benefit Plan.  However, Plaintiffs reserve their right to do so on a later date.

Professions Code § 16600.[8]  *See Edwards*, 44 Cal. 4th at 942; *Dowell*, 179 Cal. App. 4th at 575-576; *Silguero*, 187 Cal. App. 4th at 67-68; *Richmond Technologies, Inc., v. Aumtech Business Solutions*, No. 11 CV-02460 LHK,  2011 WL 2607158, at \*19 (N.D. Cal. July 1, 2011).

### 2. No Statutory Exceptions to Section 16600 Apply Here

The covenant not to compete in the Stock Incentive Plan is not covered by any of the statutory exceptions which address non-compete covenants in the context of the sale or the dissolution of a business (California Business & Professions Code § 16601), dissolution of a partnership (section 16602), or dissolution or sale of a limited liability company (section 16602.5).  UF No. 84. Accordingly, no exceptions to section 16600 apply to the covenant not to compete in the Individual Plaintiffs' Stock Incentive Plan.  *See Edwards*, 44 Cal. 4th at 942, 955.  Plaintiffs adopt here the comments and authority regarding the unavailability of the "trade secret" exception to section 16600 and the unclean hands defense.

### C. **Plaintiffs Are Entitled to Judgment as a Matter of Law on the Third Cause of Action**

Defendants' use of the facially invalid covenants not to compete in violation of California Business & Professions Code § 16600 constitutes an unfair business practice and violates California Business & Professions Code § 17200. Business & Professions Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice…."  As noted by the California Supreme Court in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 561 (1999), "[b]y proscribing 'any unlawful' business practice, 'section 17200 "borrows" violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently

---

[8] The Stock Incentive Plan contains an Illinois choice of law provision, which, as more fully discussed above, is unenforceable and California law applies, voiding the covenant not to compete therein. *See Dowell*, 179 Cal. App. 4th at 564.

actionable."  Section 16600 is one such law "borrowed" by § 17200 to determine whether a business practice is unlawful.  *Application Group,* 61 Cal. App. 4th at 906-908; *Dowell*, 179 Cal. App. 4th at 575 (holding that "[a]n employer's use of an illegal noncompete agreement also violates [§ 17200]"); *see also Applied Materials,* 630 F. Supp.2d at 1092 ("Since the Court has found that the Assignment Clause is unlawful under section 16600, it follows that the Assignment Clause constitutes unfair competition under section 17200.")  Accordingly, summary judgment should be entered for Plaintiffs on Plaintiffs' Third Cause of Action in the Second Amended Complaint.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that their Motion for Partial Summary Judgment on their First Cause of Action, Second Cause of Action as to the Stock Incentive Plan, and Third Cause of Action be granted.

Dated: March 30, 2012          WEIL, GOTSHAL & MANGES LLP


By:  _____*/s/ Christopher J. Cox*_____
                    Christopher J. Cox
                    201 Redwood Shores Parkway
                    Redwood Shores, CA  94065
                    Telephone: (650) 802-3000

                    JEFFREY S. KLEIN (Pro Hac Vice Pending)
                    Email: jeffrey.klein@weil.com
                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, NY  10153-0119
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Plaintiffs
                    Peter Arkley, Michael D. Parizino, Ken
                    Caldwell, and Alliant Insurance Services, Inc.