1   CHRISTOPHER J. COX (Bar No. 151650)
    Email:  chris.cox@weil.com
2   GREGORY D. HULL (Bar No. 57367)
    Email:  greg.hull@weil.com
3   WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
4   Redwood Shores, CA  94065-1134
    Telephone:  (650) 802-3000
5   Facsimile:  (650) 802-3100

6   JEFFREY S. KLEIN (Admitted *Pro Hac Vice*)
    Email:  jeffrey.klein@weil.com
7   WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
8   New York, NY  10153-0119
    Telephone:  (212) 310-8000
9   Facsimile:  (212) 310-8007

10  Attorneys for Plaintiffs
    Peter Arkley, Michael D. Parizino, Ken
11  Caldwell, and Alliant Insurance Services,
    Inc. and Counterdefendants Michael D.
12  Parizino, Ken Caldwell, and Leslie Curry

13

14                UNITED STATES DISTRICT COURT

15      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

16

| | |
|---|---|
| 17  PETER ARKLEY, *et al.,* | Case No. CV12-01966 DSF (RZx) |
| 18                    Plaintiffs, | **PLAINTIFFS' AND COUNTERDEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON THEIR FIRST, SECOND, AND THIRD CAUSES OF ACTION** |
| 19       v. | |
| 20  AON RISK SERVICES COMPANIES, INC., *et al.,* | |
| 21 | |
| 22                    Defendants. | Date:       June 11, 2012 |
| 23  AND RELATED COUNTERCLAIMS. | Time:       1:30 p.m. |
| 24 | Ctrm:       840 |
| | Judge:      Hon. Dale S. Fischer |

25

26

27

28

REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT                    Case No. CV12-01966 DSF (RZx)

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    UNCLEAN HANDS, EVEN IF PROVED, IS NOT MATERIAL TO RESOLUTION OF PLAINTIFFS' MOTION ...........................................2

III.   DEFENDANTS FAIL TO RAISE A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER ILLINOIS LAW GOVERNS THE COVENANTS NOT TO COMPETE................................5

    A.    THE UNDISPUTED FACTS SHOW THAT CALIFORNIA HAS A MATERIALLY GREATER INTEREST IN APPLICATION OF ITS LAW TO THE PRESENT DISPUTE ...................................................................................5

    B.    CALIFORNIA WILL SUFFER THE GREATER IMPAIRMENT OF INTEREST IF ILLINOIS LAW IS APPLIED ..................................................................................7

IV.   CONCLUSION ...................................................................................................11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*
   622 F.3d 996 (9th Cir. 2010).................................................................................7, 9

*Cardinal v. Buchnoff*
   No. 06CV0072-MMA, 2010 WL 3339509 (S.D. Cal. Aug. 23, 2010) ...............5

*Estee Lauder Comp. Inc. v. Batra*
   430 F.Supp.2d 158 (S.D.N.Y. 2006).....................................................................8

*In re Gault South Bay Litig.*
   No. C 07-04659 JW, 2008 WL 4065843 (N.D. Cal. Aug. 27, 2008) ...............11

*LKQ Corp. v. Fengler*
   No. 12-cv-2741 2012 WL 1405774 (N.D. Ill. April 23, 2012).....................9, 10

*Molina v. City of Oxnard*
   *No.* CV-00-02291 CAS, 2003 WL 25667613 (C.D. Cal. June 16, 2003)............5

*Scott v. Snelling and Snelling, Inc.*
   732 F.Supp. 1034 (N.D. Cal.1990) ....................................................................10

*United Pac. Ins. Co. v. Kilroy Indus.*
   608 F.Supp. 847 (C.D.Cal. 1985)..........................................................................6

**CALIFORNIA CASES**

*1-800-Got Junk? LLC v. Superior Court*
   189 Cal. App. 4th 500, 116 Cal. Rptr. 3d 923 (2010)...........................................7

*Application Grp. Inc. v. Hunter Grp. Inc.*
   61 Cal. App. 4th 881, 72 Cal. Rptr. 2d 73 (1998).....................................6, 7, 10

*Brack v. Omni Loan Co., Ltd.*
   164 Cal. App. 4th 1312, 80 Cal. Rptr. 3d 275 (2008)......................................5, 9

*Dowell v. Biosense Webster, Inc.*
   179 Cal. App. 4th 546, 102 Cal. Rptr. 3d 1 (2009)..........................................3, 4

*Edwards v. Andersen LLP*
   44 Cal. 4th 937, 81 Cal. Rptr. 3d 282 (2008)..................................................8, 9

*Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*
   20 Cal. App. 3d 668, 97 Cal. Rptr. 811 (1971) .................................................10

*Kofsky v. Smart and Final Iris Co.*
131 Cal. App. 2d 530, 281 P.2d 5 (1955)...............................................................4

*Nedlloyd Lines B.V. v. Superior Court of San Mateo Cnty.*
3 Cal. 4th 459, 11 Cal. Rptr. 2d 330 (1992)...........................................................5

*Ticconi v. Blue Shield of Cal. Life & Health Ins. Co.*
160 Cal. App. 4th 528, 72 Cal. Rptr. 3d 891 (2008)..............................................4

**OTHER CASES**

*Davis v. Advanced Care Tech., Inc.*
No. Civ....................................................................................................................11

*Dowd & Dowd, Ltd. v. Gleason*
181 Ill. 2d 460, 230 Ill. Dec. 229, 693 N.E.2d 358 (1998) ...................................8

*MCS Servs. v. Coronel*
No. 289729-V, 2008 WL 2400867..........................................................................8

*Mohanty v. St. John Heart Clinic*
225 Ill. 2d 52, 866 N.E. 2d 85 (Ill. 2006)..............................................................8

**CALIFORNIA STATUTES**

California Business and Professions Code § 16600........................................passim

California Business & Professions Code § 17200..............................................2, 4, 5

**OTHER AUTHORITIES**

Federal Rules of Evidence 801, 802.......................................................................5

Federal Rule of Civil Procedure 56(c)(2)...............................................................5

1

## I.     INTRODUCTION

2          Defendants' Opposition does not dispute the legal and factual bases

3 for granting Plaintiffs' Motion.  Glaringly absent from their Opposition papers is

4 any argument or authority purporting to establish that the restrictive covenants

5 which are the subject of the instant Motion are facially valid or enforceable

6 under California Business and Professions Code § 16600.  Defendants also do

7 not contest the undisputed material facts proffered by Plaintiffs that, throughout

8 their entire period of employment with Defendants, Mr. Arkley, Mr. Parizino,

9 and Mr. Caldwell ("Individual Plaintiffs") were California residents who worked

10 out of Defendants' California offices.  Nor do Defendants dispute that the

11 Individual Plaintiffs still reside in California and work for a California employer,

12 Alliant Insurance Services, Inc. ("Alliant").  Because the covenants not to

13 compete at issue purport to restrict these California residents from engaging in a

14 lawful profession, trade or business, those agreements are, to that extent, void

15 under California Business and Professions Code § 16600 and unenforceable as

16 against California's fundamental public policy in favor of employee mobility.

17          Rather than discuss application of § 16600 to the language of the

18 restrictive covenants, Defendants argue that Illinois law controls the question of

19 whether these restrictive covenants are enforceable and contend that the alleged

20 (and completely unsupported) "unclean hands" of the Plaintiffs allow

21 Defendants to enforce otherwise void and unenforceable restrictions on

22 competition.  Defendants' argument does not withstand legal or factual scrutiny.

23 Defendants' allegations of unclean hands based on an alleged raid, conspiracy,

24 and misappropriation of trade secrets are the subject of independent

25 counterclaims.  These allegations—even if true—are not material to the legal

26 determination of whether the restrictive covenants at issue are valid and

27 enforceable.  Indeed, California authority on this point uniformly holds that

28 allegations such as those leveled by Defendants here cannot resurrect an

REPLY ISO MOTION FOR                                    1
PARTIAL SUMMARY JUDGMENT                    Case No. CV12-01966 DSF (RZx)

1   otherwise facially invalid restraint on trade and cannot preclude a finding by this

2   Court that the covenants are invalid and unenforceable as a matter of law.

3   Defendants are free to pursue their tort and contract theories regarding Plaintiffs'

4   alleged wrongful conduct.  Under no circumstances, however, would Defendants

5   be entitled to a complete ban on competition by their former California

6   employees, which they are seeking here under their unclean hands theory.

7          Likewise, the determination of whether California or Illinois law

8   applies to the restrictive covenants is an issue of law for this Court.  Defendants

9   admit that application of Illinois law here would contravene a fundamental

10  public policy of California and cite to no California authority—because none

11  exists—to support their claim that Illinois' general interest in enforcement of

12  contracts outweighs the fundamental public policy of California in preventing

13  unfair restraints on trade and protecting employee mobility.  Defendants seek to

14  enforce these facially invalid covenants against employees who live in California

15  and who work for a California-based employer.   California law holds—

16  uniformly—that California law must apply in that circumstance.  Accordingly,

17  Defendants have failed to raise any genuine issue of material fact regarding the

18  facial invalidity of the restrictive covenants at issue, and, therefore, Plaintiffs'

19  Motion should be granted.

20  **II.    UNCLEAN HANDS, EVEN IF PROVED, IS NOT MATERIAL TO**
    **RESOLUTION OF PLAINTIFFS' MOTION**
21

22          Under California law, evidence of unclean hands is not material to

23  claims based on violations of California Business & Professions Code §§ 16600

24  and 17200, statutes intended to prevent restrains on trade and protect employee

25  mobility.   Although Defendants refer to "analogous" case law on the issue

26  (Opposition at 12-13), Defendants fail to identify a single decision under

27  California law, which applied an unclean hands defense to enforce restrictive

28  covenants that otherwise violated Business & Professions Code §§ 16600 or

1  17200, or to defeat a claim based on a statute intended to regulate trade practices

2  in California.  California law simply does not allow a party to resurrect an

3  otherwise illegal restrictive covenant by pointing to evidence of unclean hands or

4  other alleged misconduct.   Indeed, the Defendants' opposition ignores

5  completely the California authority cited by Plaintiffs, which is directly on point

6  and which holds that an unclean hands defense does not defeat a claim based on

7  violation of a statute intended to regulate unfair trade practices.

8           The very same strategy advocated by Defendants here was

9  addressed and rejected as legally unavailing in *Dowell v. Biosense Webster, Inc*.,

10  179 Cal. App. 4th 546, 575-576, 102 Cal. Rptr. 3d 1 (2009), a case cited by

11  Plaintiffs in their opening brief but not mentioned by Defendants in their

12  Opposition.   In *Dowell*, defendants asserted an unclean hands defense in

13  response to a claim based on violation of California Business & Professions

14  Code § 16600 and asserted claims based on trade secret misappropriation and

15  raiding of defendants' employees.   The Court of Appeal held that the non-

16  compete at issue was nonetheless facially invalid under § 16600 ***as a matter of***

17  ***law*** and rejected the defendants' proffer of misappropriation and unclean hands

18  evidence:

19        But we are satisfied that the trial court could properly make this

20        determination as a matter of law [citations omitted].  **Having properly**

21        **determined that the clauses were facially void under section 16600,**

22        **the trial court was not required to undertake any further analysis.**

23        (Emphasis added.)

24  *Id*. at 579.  *Dowell* is consistent with the long-standing rule in California that a

25  party may not excuse its unlawful conduct by relying on assertions of unclean

26  hands.  *See Kofsky v. Smart and Final Iris Co*., 131 Cal. App. 2d 530, 532, 281

27  P.2d 5 (1955) (holding unclean hands defense not available in an unfair practices

28  action under Business & Professions Code section 17200); *see also Ticconi v.*

REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT                    3                Case No. CV12-01966 DSF (RZx)

1 *Blue Shield of Cal. Life & Health Ins. Co*., 160 Cal. App. 4th 528, 543, 72 Cal.

2 Rptr. 3d 891, 899 (2008) ("To allow [unclean hands] defense would be to

3 judicially sanction the defendant for engaging in an act declared by statute to be

4 void or against public policy.").

5       Here, Defendants do not even attempt to argue that the restrictive

6 covenants at issue pass muster under California law.  This is so for one reason—

7 the covenants are indeed facially invalid under § 16600 and may not be lawfully

8 enforced against Plaintiffs in the state of California.  Thus, as in *Dowell*,

9 Defendants' proffered evidence of unclean hands does not preclude the Court

10 from finding, **as a matter of law**, that the covenants at issue are facially invalid

11 under California Business & Professions Code § 16600 and that Defendants' use

12 of said covenants violated California Business & Professions Code § 17200.

13       California law provides claims and remedies for misappropriation

14 of trade secrets, diversion of corporate opportunity, breach of contract, and

15 breach of fiduciary duty—the wrongful conduct alleged by Defendants.

16 Defendants have already filed counterclaims based on such alleged misconduct,

17 which Defendants remain free to pursue.  Indeed, the Los Angeles Superior

18 Court, from where this case was removed, rejected Defendants' assertion of

19 unclean hands as a defense to Plaintiffs' claim for declaratory relief under §

20 16600 for this very reason: "The 'bad acts' to which Defendants refer are torts

21 which are not immunized by a refusal to enforce a non-competition Clause

22 which violates B P Code § 16600." *See* Plaintiffs' Uncontroverted Facts ("UF").

23 Nos. 1-3.   Here, Defendants' evidence of alleged misconduct, even if

24 admissible—which it is not[1]—may be material to some of its counterclaims, but

25 _____
[1] Defendants' "Additional Material Facts" 184 through 193 proffer statements by a

26 New York Supreme Court Justice for the truth of the matter asserted.  However, such statements constitute inadmissible hearsay, and as such, are wholly insufficient to sustain a finding on motion for summary judgment.  FRCP 56(c)(2); Fed. R. Evid. 801,

27 802; *see Molina v. City of Oxnard, No*. CV-00-02291 CAS, 2003 WL 25667613 at *4 n.7 (C.D. Cal. June 16, 2003) (finding that judicial opinions constitute inadmissible

28 hearsay not subject to the public records exception); *see also Cardinal v. Buchnoff,* No. 06CV0072-MMA, 2010 WL 3339509 at *2 (S.D. Cal. Aug. 23, 2010) ("Furthermore,

REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT            4            Case No. CV12-01966 DSF (RZx)

1  is not material and is wholly unrelated to the issue of whether the restrictive

2  covenants violate California Business & Professions Code §§ 16600 and 17200.

3  **III.   DEFENDANTS FAIL TO RAISE A GENUINE ISSUE OF**
**MATERIAL FACT AS TO WHETHER ILLINOIS LAW GOVERNS**

4  **THE COVENANTS NOT TO COMPETE**

5        As Plaintiffs have already briefed, under a California choice-of-law

6  analysis, ***even when*** there is a substantial relationship between the chosen state

7  and the parties or their transaction and ***even when*** there is a reasonable basis for

8  the parties' choice of law, a choice of law provision is, nonetheless, still

9  unenforceable if the chosen law is contrary to the fundamental public policy of

10  California, and California has a materially greater interest in the determination of

11  that issue.  *Nedlloyd Lines B.V. v. Superior Court of San Mateo Cnty.*, 3 Cal. 4th

12  459, 466, 11 Cal. Rptr. 2d 330 (1992).   Defendants do not dispute that

13  application of Illinois law to enforce the restrictive covenants at issue would be

14  contrary to a fundamental policy of California.  *See* Opposition at 17, n.4.

15  However, Defendants argue that a fact-intensive inquiry is required to determine

16  whether Illinois has a materially greater interest in having its law applied.

17  Opposition at 18.

18        However, choice of law, on undisputed facts, constitutes a purely

19  legal question which this Court can and should resolve on summary judgment.

20  *Brack v. Omni Loan Co., Ltd.*, 164 Cal. App. 4th 1312, 1320, 80 Cal. Rptr. 3d

21  275 (2008); *United Pac. Ins. Co. v. Kilroy Indus.*, 608 F.Supp. 847, 850

22  (C.D.Cal. 1985) ("Choice of law problems are also questions of law; thus that

23  issue is also ripe for summary adjudication.").

24        **A.   The Undisputed Facts Show that California Has a Materially**
**Greater Interest in Application of its Law to the Present**

25  **Dispute**

26        The ***undisputed*** facts conclusively show that California will suffer

27  the disproportionate impact of enforcement of the restrictive covenants and,

28  judicial opinions and judicial fact-finding do not fall under the public records exception
to the hearsay rule.").

therefore, has a materially greater interest than Illinois in resolving the dispute. The Individual Plaintiffs are, and have been at all relevant times, California residents.  Indeed, each of the Individual Plaintiffs' employment agreement with Defendants lists a California address.  Further, the Individual Plaintiffs always worked out of Defendants' California office during their employment and they currently reside and work in California for a California employer.  *See* UF Nos. 5, 6, 9, 10, 12, 22, 23, 25, 26, 28, 36, 37, 40, 41, 43, 50.  In *Application Grp., Inc. v. Hunter Grp., Inc.*, the court found that, despite a Maryland choice of law provision in the relevant employment agreements, California law applied to invalidate restrictive covenants contained in the employment agreements of non-California residents, because the employees "seek to engage in a business or profession in California" with a California employer.  *Application Grp. Inc. v. Hunter Grp. Inc*., 61 Cal. App. 4th 881, 907, 72 Cal. Rptr. 2d 73 (1998).  In granting summary judgment, the court emphasized that the protections under § 16600 are not reserved only for employees who are physically permanent in California, but extend to those who work remotely or who may be required to travel out of their resident states in this global economy.  *Id*.  Here, the Individual Plaintiffs not only work for a California employer, but also reside here.  It is immaterial that they formerly reported to an Illinois company or sometimes traveled outside of the state for their job.[2]  The fact that the Individual Plaintiffs work presently in California for a California employer is dispositive of the issue.  Indeed, under Defendants' legal theory, employers could routinely avoid application of § 16600 based on a general interest in predictability of

[2] The very case cited by Defendants, *1-800-Got Junk? LLC v. Superior Court*, found that factors similar to those Defendants allege here are evidence only of a "reasonable basis" for a choice-of-law provision. *1-800-Got Junk? LLC v. Superior Court,* 189 Cal. App. 4th 500, 515, 116 Cal. Rptr. 3d 923, 933 (2010).  This same conclusion was also reached by the Los Angeles Superior Court before this action was removed: "Defendants argue that Defendants Aon has a legitimate interest in having its agreements uniformly governed by Illinois law.  While this may provide a reasonable basis for the parties' choice of law, this does not mean Illinois has a greater interest in the determination of the enforceability of the non-competition clauses utilized by corporations headquartered in Illinois." UF. Nos. 1-3.

1   contracts, yet Defendants cannot cite to a single California case supporting this

2   position.

3          The undisputed facts are that Defendants are targeting California-

4   based employment through application of restrictive covenants.  When these

5   facts are coupled with California's fundamental public policy in favor of

6   employee mobility, a finding that California law applies is unavoidable.

7   **B.     California Will Suffer the Greater Impairment of Interest if**
        **Illinois Law is Applied**

8

9          In determining which state has a materially greater interest in a

10  dispute, California courts consider which state will suffer greater impairment if

11  its policy were subordinated to the policy of the other state.  *Application Grp.,*

12  *Inc.*, 61 Cal. App. 4th at 898; *Bridge Fund Capital Corp. v. Fastbucks Franchise*

13  *Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010).  Here, Defendants do not dispute that

14  application of Illinois law to the covenants at issue impairs California's

15  fundamental public policy in favor of open competition, employee mobility, and

16  protection of the ability of California employers to compete for skilled

17  employees.  In this regard, it is instructive that the California Supreme Court

18  unequivocally rejected the "reasonableness" analysis that Illinois law uses to

19  enforce restrictive covenants, like the ones at issue, as violative of "settled public

20  policy in favor of open competition."  *Edwards v. Andersen LLP*, 44 Cal. 4th

21  937, 945, 81 Cal. Rptr. 3d 282, 288 (2008).  Thus, California's statutory interest

22  in protecting free trade and employee mobility will necessarily be impaired if

23  Illinois law is applied to the covenants at issue.

24          In addition, Defendants fail completely to explain how Illinois'

25  interest in the validity of these restrictive covenants will be impaired if

26  California law is applied.  While Defendants conclusorily repeat that "Illinois

27  has an interest in protecting Aon's enforcement of its multi-state employment

28  agreements," Defendants cite no Illinois authority suggesting that this ***general***

1  *interest* relates specifically to enforcement of covenants not to compete or,

2  importantly, that such enforcement constitutes a strong public policy of Illinois.

3  Opposition at 21.  Indeed, Defendants cite to *Mohanty v. St. John Heart Clinic,*

4  *S.C.* to argue that "Illinois also has a strong interest to protect its 'long tradition'

5  of enforcing covenants not to compete."  *Id.* at 19.  However, this case does not

6  so hold.  The "long tradition" that the Defendants misquote from *Mohanty,* refers

7  to the "long tradition of upholding the right of parties to freely contract" and not

8  a long tradition related to the enforcement of restrictive covenants like those at

9  issue here.  *Mohanty v. St. John Heart Clinic*, 225 Ill. 2d 52, 64, 866 N.E. 2d 85,

10  92 (Ill. 2006).[3]

11        Moreover, Defendants have cited no California case which holds

12  that Illinois, or any other state's interest in uniformity of contracts trumps

13  California's fundamental public policy of free trade and employee mobility.[4]

14  Indeed, *Brack*, which Defendants cite, directly contradicts their central argument

15  that Illinois' general interest in the predictability of contract enforcement

16  outweighs California's fundamental public policy against restraint on trade.

17  *Brack,* 164 Cal. App. 4th at 1329 ("Nevada's interest in applying its law is

18  limited to its more general interest in enforcing the provisions of contracts made

19  by one of its citizens.  Given these circumstances, application of Nevada law

20  would impair California's regulatory interests to a far greater extent than

21  application of California law would impair Nevada's interests."); *see also Bridge*

22  _____

23  [3] The same Illinois court held that, in Illinois, restrictive covenants in employment
contracts of attorneys are void as a matter of public policy.  *Dowd & Dowd, Ltd. v.
Gleason,* 181 Ill. 2d 460, 482, 230 Ill. Dec. 229, 693 N.E.2d 358 (1998).  Accordingly,

24  it cannot be that Illinois has a strong public policy to enforce restrictive covenants when
its law carves out exceptions when such enforcement would contravene Illinois public

25  policy.

26  [4] Instead, Defendants cite two non-California opinions, *Estee Lauder Comp. Inc. v.
Batra*, 430 F.Supp.2d 158 (S.D.N.Y. 2006) and *MCS Servs. v. Coronel,* No. 289729-V,

27  2008 WL 2400867, which are clearly distinguishable from this case.  In both, the court
weighed competing fundamental public policies.  Here, as Plaintiffs demonstrate,

28  Illinois has no fundamental public policy to be weighed against California's
fundamental public policy.

REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT          8          Case No. CV12-01966 DSF (RZx)

*Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1003-1004 (9th Cir. 2010) (holding that Texas' "significant general interest in enforcing contracts executed there and by its citizens" did not outweigh California's fundamental public policy concern).  Indeed, Defendants' argument that Illinois has a materially greater interest in enforcing contracts of its corporate citizens has already been rejected by the Los Angeles Superior Court, from which this case was removed, and which found that "any general interest Illinois might have in encouraging uniformity and predictability of contracts for its corporate residents,   does   not   outweigh   California's   entrenched   interest   against noncompetition clauses codified in Business & Professions Code § 16600."  UF Nos. 1-3.

In a recent opinion, the United States District Court for the Northern District of Illinois, ***applying Illinois law***, rejected the very same argument advanced by Defendants.  In *LKQ Corp. v. Fengler*, No. 12-cv-2741 2012 WL 1405774, at *4 (N.D. Ill. April 23, 2012), the court disregarded an Illinois choice of law provision designating Illinois law as the governing law and applied California law, finding that  "[i]n light of *Edwards*, it is clear that Illinois courts would conclude that California's public policy against restraints on employment are strong enough and of such a fundamental nature as to 'justify overriding the chosen law of the parties.'"  The Court specifically held that "***Illinois courts would apply the substantive law of California*** [because] California has a strong and long-standing public policy that favors open competition over the common law "rule of reasonableness" as used by Illinois.  *Id.* at *4. (emphasis added)

California courts have also ***consistently*** held that, where application of a choice-of-law provision would violate the fundamental public policy articulated in § 16600, California law, and not the chosen state's law, will apply. For example, in *Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, the plaintiff brought an action seeking a determination that a provision in an

REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT                    9              Case No. CV12-01966 DSF (RZx)

1  agreement between plaintiff and his former employer was void under § 16600

2  because it provided for forfeiture of profit-sharing rights by an employee who

3  voluntarily terminated his employment to go work for a competitor.  *Frame v.*

4  *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 20 Cal. App. 3d 668, 670, 97 Cal.

5  Rptr. 811, 812 (1971).  The trial court rejected the employer's assertion that the

6  forfeiture clause was valid under New York law and thus enforceable under a

7  clause designating New York law as governing law of the contract.  *Id.* at 673.

8  The court held that it could not allow New York law to defeat the "strong public

9  policy" embodied in section 16600, and thus, declined to give effect to the

10  parties' contractual choice-of-law provision.  *Id.*

11  The holding in *Frame* is consistent with all other cases addressing

12  this issue under California law.  *See Application Grp.*, 61 Cal. App. 4th at 902

13  ("California courts are not bound to enforce a contractual conflict of law

14  provision which would thus be 'contrary to this state's fundamental policy.'")

15  (citing *Nedlloyd Lines*, at 3 Cal. 4th at 466); *see also Scott v. Snelling and*

16  *Snelling, Inc.*, 732 F.Supp. 1034, 1039 (N.D. Cal.1990) ("California law will not

17  give force to a choice of law clause where the contract contains a provision

18  which violates a 'strong California public policy.'"); *Davis v. Advanced Care*

19  *Tech., Inc.*, No. Civ. S-06-2449 RRB DAD, 2007 WL 2288298 at *7 (E.D. Cal.

20  Aug. 8, 2007) ("California's interests would be more seriously impaired by

21  enforcement of the parties' contractual choice of law provision than would the

22  interests of Connecticut if California law were applied."); *In re Gault South Bay*

23  *Litig.*, No. C 07-04659 JW, 2008 WL 4065843 at *5 (N.D. Cal. Aug. 27, 2008)

24  ("California has a fundamental policy against [non-compete] provisions.")

25  (internal citations omitted).

26  The fact that California law refuses uniformly to enforce a choice-

27  of-law provision that violates the fundamental public policy codified in § 16600

28  should come as no surprise to Defendants as the Los Angeles Superior Court

1    already reached the same conclusion before this case was removed to this Court:

2    "California has a materially greater interest in refusing to enforce such non-

3    competition clauses than does Illinois in encouraging uniformity and

4    predictability of contracts for its corporate residents."  UF Nos. 1-3.  Defendants'

5    recitation of additional immaterial facts regarding Plaintiffs' earlier employment

6    does not change this result.

7            Accordingly, there is no genuine issue of material fact—the Illinois

8    choice-of-law provision is contrary to the fundamental public policy of

9    California and California has a materially greater interest in determining the

10   dispute.  As such, California law, and not Illinois law, will apply to determine

11   that the covenants not to compete at issue are facially invalid and unenforceable.

## IV.    CONCLUSION

13           For the foregoing reasons, Plaintiffs respectfully request that their

14   Motion for Partial Summary Judgment on their First Cause of Action, part of

15   their Second Cause of Action, and Third Cause of Action be granted.

16   Dated:  May 28, 2012                    WEIL, GOTSHAL & MANGES LLP

18                                           By:  ____/s/ Christopher J. Cox____
                                                       Christopher J. Cox
19                                           201 Redwood Shores Parkway
                                             Redwood Shores, CA  94065
20                                           Telephone: (650) 802-3000
                                             Facsimile: (650) 802-3100

21
                                             Attorneys for Plaintiffs
22                                           Peter Arkley, Michael D. Parizino, Ken
                                             Caldwell, and Alliant Insurance Services,
23                                           Inc. and Counterdefendants Michael D.
                                             Parizino, Ken Caldwell, and Leslie Curry
24

25

26

27

28