UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER ARKLEY, *et al.*, | Case No. CV12-01966 DSF (RZx) |
| Plaintiffs, | **[PROPOSED]** **PROTECTIVE ORDER** |
| v. | |
| AON RISK SERVICES COMPANIES, INC., *et al.*, | Judge: Hon. Ralph Zarefsky |
| Defendants. | NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |
| AND RELATED COUNTERCLAIMS. | |

**1.    PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the Court enters the following Stipulated Protective Order (the "Order").

**1.1.**  This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

**1.2.** Either Party may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

**1.3.** All Documents produced, or Testimony given, in connection with (i) *Aon Risk Services Northeast, Inc. et al. v. Peter Arkley et al.*, Case No. CH 21428 in the Circuit Court of Cook County, Illinois, and (ii) *Aon Risk Services Northeast, Inc. et al. v. Michael Cusack et. al.*, Index No. 651673/2011 in the New York County Supreme Court, are deemed produced in this matter, pursuant to this Stipulation.

**2.   DEFINITIONS**

**2.1.** <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, outside counsel and in-house counsel (and their support staff).

**2.2.** <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3.** <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection, and that are not publicly available and/or generally known in the relevant industry, ~~including, but not~~ limited to:  (i) customer information that is not publicly available; (ii) business plans (including financial projections, competitive strategy, and business or financial models); (iii) personal financial information; (iv) confidential financial information (including revenues, costs, expenditures, compensation, and profits); (v) details of confidential business relationships (including bids, proposals, offers, sales and contact history, needs, and contractual terms subject to non-disclosure provisions); (vi) confidential technical information

(including information regarding the structure, function or operation of a commercial or prototype product or service); (vii) trade secrets, (viii) confidential government filings (including tax returns); (ix) confidential employee information; or (x) information that, if publicly disclosed, might cause annoyance, embarrassment, oppression or undue burden or expense to the Producing Party.

**2.4.** <u>"Confidential – Attorneys' Eyes Only" Information or Items</u>: "Confidential Information or Items" of a particularly sensitive nature such that heightened precautions must be taken with respect to their use or disclosure.

**2.5.** <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**2.6.** <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.7.** <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential — Attorneys' Eyes Only."

**2.8.** <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or "Confidential — Attorneys' Eyes Only."

**2.9.** <u>Outside Counsel</u>: attorneys (as well as their support staff) who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.10.** <u>In-House Counsel</u>: attorneys who are employees of a Party.

**2.11.** <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

**2.12.** <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a

Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13.** <u>Professional Vendors</u>: persons or entities that provide computer forensic services or litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and contractors.

**3.   SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.   DURATION**

The confidentiality obligations imposed by this Order shall remain in effect and continue after the end of the proceedings in this case, including the resolution of any appeal(s) until the specified requirements of Paragraph 12 herein have been satisfied, or until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

**5.1.**   <u>Manner and Timing of Designations.</u>  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

   **a.**   <u>for information in documentary form filed with the Court</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" to each page of any document that contains protected material.

1      For information in documentary form that is not filed with the Court but
2  produced in discovery (apart from transcripts of depositions or other pretrial or trial
3  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or
4  "CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page of any
5  document that contains such protected material. If, however, the Producing Party,
6  either due to the expedited nature of the discovery production or some other reason,
7  is unable to affix the appropriate legends to each page of the documents produced,
8  the Producing Party may, by letter to opposing counsel, identify by Bates number
9  (or some other method) those documents that are to be treated as
10 "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY,"
11 provided that within thirty (30) days of the production the Producing Party shall
12 reproduce the documents so designated with the appropriate legends affixed.
13     A Party or non-party that makes original documents or materials available for
14 inspection need not designate them for protection until after the inspecting Party
15 has indicated which material(s) it would like copied and produced. During the
16 inspection and before the designation, all of the material made available for
17 inspection shall be deemed "CONFIDENTIAL ATTORNEYS' EYES ONLY."
18 After the inspecting Party has identified the documents it wants copied and
19 produced, the Producing Party must determine which documents, or portions
20 thereof, qualify for the appropriate level of protection under this Order; then, before
21 producing the specified documents, the Producing Party must affix the appropriate
22 legend on each page that contains such Protected Material.
23     **b.**   <u>for testimony given in deposition or in other pretrial or trial</u>
24 <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony
25 identify on the record, or after the close of the deposition, hearing, or other
26 proceeding within ten (10) court days after the transcript is available to all Parties
27 by the court reporter, all protected testimony, and further specify any portions of the
28 testimony that qualify as "CONFIDENTIAL" or "CONFIDENTIAL —

ATTORNEYS' EYES ONLY."  Only those portions of the testimony that are appropriately designated for protection in a timely manner shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.  The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or by written stipulation, without further order of the Court.

    **c.**    <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

    **5.2.**    <u>Failures to Designate.</u>  Excepting Section 5.1(b)'s specific deadline for designation of Protected Material in testimonial transcripts, if corrected within a reasonable time after discovery, any failure to designate qualified information or items as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    **5.3.**    <u>Mistaken Designation.</u>  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify

for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**6.     PRODUCTION OF PRIVILEGED DOCUMENT**

   **6.1.**   Nothing in this Order shall require disclosure of information which is protected by the attorney-client privilege, work product immunity or other privilege or immunity.

   **6.2.**   If a Producing Party becomes aware that it has produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Producing Party should promptly notify each Receiving Party in writing of the production.

   **6.3.**   Once a Receiving Party receives notice of the production, it shall make reasonable efforts to gather copies of the information and materials that were distributed to others and shall return all copies of such produced material within three (3) business days of receiving such notice.  Producing Party shall keep a copy if designation is challenged and court orders *in camera* review.  Any notes or summaries of the Receiving Party referring or relating to any such produced material subject to claim of privilege or immunity shall be destroyed promptly.  Moreover, if a Receiving Party, upon review of information or materials produced to it, becomes aware that any portion of such information or materials could reasonably be considered to be protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Receiving Party shall promptly notify the Producing Party of the specific materials which could be so considered, and will not use such materials for any purpose until the issue has been resolved by agreement of the Parties or by order of the Court.

   **6.4.**   Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.

  **6.5.** The Producing Party bears the burden of establishing the privileged nature of any produced information or materials.

## 7. CHALLENGING CONFIDENTIALITY DESIGNATIONS

  **7.1.** <u>Timing of Challenges.</u> A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  **7.2.** <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

  **7.3.** <u>Judicial Intervention.</u> A Party that elects to continue a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth, with specificity, the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The Designating Party maintains the burden of persuasion in any such challenge proceeding.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**8.1.** <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the action has been terminated, a Receiving Party must comply with the provisions of Paragraph 12 herein.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Nothing in this Order shall limit any Designating Party's use or disclosure of its own documents or information.

**8.2.** <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

   **a.**    the Receiving Party's Outside Counsel;

   **b.**    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

   **c.**    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

   **d.**    the Court and its personnel;

   **e.**    court reporters and their staff;

   **f.**    professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A); and

  **g.** during and/or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary, to the extent not covered by 8.2(b) or (c), and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A), provided that the witness is either: a) the author or recipient of the Confidential Material, or was copied on the transmission of such Material, or b) someone who has personal knowledge of the facts set forth in the Confidential Material that will be presented to him. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

  **8.3.** <u>Disclosure of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

  **a.** the Receiving Party's Outside Counsel and one House Counsel;

  **b.** Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

  **c.** the Court and its personnel;

  **d.** court reporters and their staffs; and

  **e.** professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

**9.** **FILING PROTECTED MATERIAL**

 <u>Filing of "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items.</u>  Any material designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY", if filed with the Court shall be in accordance with the Court's May 10, 2012 Standing Order For Cases

Assigned to Judge Dale S. Fischer ("Standing Order"). Specifically, in accordance with Paragraph 6 of the Standing Order, without further order of the Court, the filing under seal of pleadings or documents filed in connection with a dispositive motion will not be permitted. Any documents filed under seal must meet the requirements of Local Rule 79-5. Documents that are not confidential or privileged in their entirety shall not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort. The Parties will file both a complete version of the pleadings and documents under seal, and a redacted version for public viewing, omitting only such portions as the Court has ordered may be filed under seal. For each document or other type of information a Party seeks to file under seal, the Party seeking protection must identify and discuss the factual or legal justification for the Court to find "good cause" or compelling reasons," as appropriate, that such document or type of information should be protected. If a Party wishes to file a document that has been designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by another Party, the submitting Party must give any Designating Party five (5) calendar days notice of intent to file. If the Designating Party objects, it should notify the submitting Party and file an application to file documents under seal within two court days. If the Court grants an application to file documents under seal, the Court's mandatory paper chambers copies must include a complete version of the documents with an appropriate notation identifying the document or the portion of the document that has been filed under seal.

**10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing (by fax or electronic mail, if possible) immediately and in no event more than three (3) court days after having

knowledge of receipt of the subpoena or order. Such notification must include a copy of the subpoena or Court order.

The Receiving Party also must immediately inform, in writing, the person who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the person in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party of the unauthorized disclosures in writing; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A). This provision shall in no way abridge any other remedies that may be available to the Designating Party.

**12.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party as set forth further below, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As

used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day (60) deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Uses of archival copies for purposes other than those set forth in this Order and prior to the completion of this matter is strictly prohibited.

**13.  MISCELLANEOUS**

    **13.1**  <u>Right to Further Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    **13.2**  <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Moreover, the existence of this Order does not waive any objections that the Producing Party may have to the production of documents based on the trade secret and/or confidential nature of such documents, nor does this Order, in and of itself, require production of such trade secret and/or confidential documents.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

1  **13.3** <u>Inadmissibility.</u>  Unless the Parties agree otherwise, evidence of the
2  existence or nonexistence of a designation under this Order is inadmissible for any
3  purpose during any proceedings on the merits of this action.
4  **13.4** <u>Judicial Action Required to Implement.</u>  This Stipulation is for the
5  Court's consideration and approval as a judicial order.  It shall not be construed to
6  create a contract between the Parties or between the Parties and their respective
7  counsel.

**14.  COURT'S RETENTION OF JURISDICTION**

The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may from time to time deem appropriate.

SO ORDERED with the following caveat:

Notwithstanding anything to the contrary in this Order, this Order shall not govern proceedings in connection with dispositive motions or at trial, when different legal standards apply.  *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  Any protection desired in connection with those proceedings shall be sought separately, directly from the judicial officer who will preside at those proceedings.

Signed this 2d day of August, 2012.

_____
Honorable Ralph Zarefsky
United States Magistrate Judge