**DLA PIPER LLP (US)**
SHAND S. STEPHENS (Bar No. 67694)
MARGARET L. PARKER (Bar No. 129897)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 836-2500
Fax: (415) 836-2501

**DLA PIPER LLP (US)**
ERIC S. BEANE (Bar No. 186029)
NICK S. PUJJI (Bar No. 259271)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Tel: (310) 595-3000
Fax: (310) 595-3300

Attorneys for Defendants and Counterclaimants
AON RISK SERVICES COMPANIES, INC., AON RISK INSURANCE SERVICES WEST, INC., and AON CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ALLIANT INSURANCE SERVICES, INC., a Delaware Corporation; PETER ARKLEY, an individual; MICHAEL D. PARIZINO, an individual; and KEN CALDWELL, an individual,

Plaintiffs,

v.

AON RISK SERVICES COMPANIES, INC., a Delaware corporation; AON RISK INSURANCE SERVICES WEST, INC., a California corporation; AON CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

AND RELATED COUNTERCLAIMS.

CASE NO. 2:12-cv-01966-DSF-RZ

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS, IN PART, THE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: October 29, 2012
Time: 1:30 p.m.
Courtroom: 840

Action Filed: June 13, 2011
Action Removed: March 8, 2012

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 29, 2012, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 840 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendants and Counterclaimants Aon Risk Services Companies, Inc., Aon Risk Insurance Services West, Inc., and Aon Corporation (collectively, "Aon") will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss, in part, the following causes of action contained in Plaintiffs and Counterdefendants Peter Arkley, Michael D. Parizino, Ken Caldwell, and Alliant Insurance Services, Inc.'s (collectively, "Plaintiffs") Second Amended Complaint: Count II – Declaratory Relief, Count IV – Intentional Interference with Prospective Economic Advantage, Count VI – Breach of Contract, Count VII – Violation of Labor Code § 432.5, and Count X – Accounting.

Counts II, IV, VI, VII and X of the Second Amended Complaint seek to enforce Plaintiffs' alleged rights in and benefits under the "Aon Corporation Excess Benefit Plan" (the "Plan"). Plaintiffs must name the plan administrator as a defendant because the Plan is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1132(d). Plaintiffs have not named the plan administrator as a defendant and, therefore, as a matter of law, they cannot establish liability under Counts II, IV, VI, VII and X of their Second Amended Complaint to the extent that those causes of action implicate the Plan.

Defendants' Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities filed concurrently herewith, all pleadings and papers on file with the Court in this action, and upon such oral and written evidence as may be presented at the hearing of this Motion.

CERTIFICATION OF LOCAL RULE 7-3 MEET AND CONFER. On August 10, 2012, as well as multiple prior occasions, Aon's counsel informed Plaintiffs' counsel that Aon would move to dismiss Counts II, IV, VI, VII and X if

Plaintiffs did not amend their complaint to add the plan administrator as a defendant. Plaintiffs' counsel has never explained why Plaintiffs would not amend their complaint to add the plan administrator, nor stated that they believe Aon's motion is not meritorious.

Dated: September 6, 2012

DLA PIPER LLP (US)

By /s/ Erin Jane Illman
SHAND S. STEPHENS
MARGARET L. PARKER
ERIN JANE ILLMAN
Attorneys for Defendants and Counterclaimants
AON RISK SERVICES COMPANIES, INC., AON RISK INSURANCE SERVICES WEST, INC., and AON CORPORATION

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 1

III. ARGUMENT ........ 3

A. Legal Standard ........ 3

B. The Plan is Preempted by ERISA ........ 4

C. Aon Corporation is not the Proper Defendant in an ERISA Action ........ 7

IV. CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adams v. Johnson*,
355 F.3d 1179 (9th Cir. 2004) .... 4

*BEM I, L.L.C. v. Anthropologie, Inc.*,
301 F.3d 548 (7th Cir. 2002) .... 3

*Carr v. First National Bank*,
816 F. Supp. 1476 (N.D. Cal. 1993) .... 4

*Duggan v. Hobbs*,
99 F.3d 307 (9th Cir. 1996) .... 4

*Ford v. MCI Commc'ns Corp. Health & Welfare Plan*,
399 F.3d 1076 (9th Cir. 2005) .... 7

*Garratt v. Knowles*,
245 F.3d 941 (7th Cir. 2001) .... 4, 5, 6, 7

*Goldstein v. Johnson & Johnson*,
251 F.3d 433 (3rd Cir. 2001) .... 4

*In re New Valley Corp.*,
89 F.3d 143 (3d Cir. 1996) .... 4

*McNamara-Blad v. Association of Professional Flight Attendants*,
275 F.3d 1165 (9th Cir. 2002) .... 3

*Olander v. Bucyrus-Erie Co.*,
187 F.3d 599 (7th Cir. 1999) .... 4, 5

*Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530 (9th Cir. 1984) .... 4

*Sorosky v. Burroughs Corp.*,
826 F.2d 794 (9th Cir. 1987) .... 3

*Vaughn v. Bay Envtl. Mgmt., Inc.*,
567 F.3d 1021 (9th Cir. 2009) .... 7

## TABLE OF AUTHORITIES
**(continued)**

**Page**

*Wayne A. Wignes v. Aon Corporation* ("*Wignes*"), Case No. 1:08-cv-05047, 2010 WL 1193756 at *4 (N.D. Ill. 2010) ............... 6, 7

**STATUTES**

26 U.S.C. § 401(a)(17) ............ 6

26 U.S.C. § 417(a)(17) ............ 6

29 U.S.C. § 1002(36) ............ 5

29 U.S.C. § 1003(b)(5) ............ 4

29 U.S.C. § 1051(2) ............ 4, 5, 7

29 U.S.C. § 1081(a)(3) ............ 4, 5

29 U.S.C. § 1101(a) ............ 4

29 U.S.C. § 1132(d) ............ 1, 7

Cal. Business & Professions Code 16600 ............ 2

Code Section 401(a) ............ 6

Employee Retirement Income Security Act of 1974 ("ERISA") ............ 1

ERISA § 3(16)(A) ............ 7

Internal Revenue Code § 415 ............ 5, 6, 7

Labor Code § 432.5 ............ 2

**RULES**

Fed. R. App. Proc. 32.1 ............ 6

Fed. R. Civ. P. Rule 12(b)(6) ............ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On February 9, 2012, Plaintiffs Peter Arkley, Michael D. Parizino, Ken Caldwell, and Alliant Insurance Services, Inc. ("Plaintiffs") filed a Second Amended Complaint against Aon Risk Services Companies, Inc., Aon Risk Insurance Services West, Inc., and Aon Corporation ("Defendants") in the Superior Court of the State of California for the County of Los Angeles (the "Second Amended Complaint"). Counts II, IV, VI, VII and X of the Second Amended Complaint arise under and are preempted by Employee Retirement Income Security Act of 1974 ("ERISA"). On March 8, 2012, Defendants removed this action to this Court based on federal question jurisdiction. Plaintiffs did not seek to remand the case to state court.

The Second Amended Complaint alleges that Defendants improperly forfeited Plaintiffs' rights in and benefits under the "Aon Corporation Excess Benefit Plan" (the "Plan"). The Plan is attached to the Second Amended Complaint as Exhibit C [Dkt. No.1-A]. The Plan is a "top hat" plan preempted by ERISA. A "top hat" plan is an unfunded plan maintained by an employer to provide deferred compensation to a select group of highly compensated employees.

In a suit for benefits under ERISA, the plaintiff must name the plan administrator as a defendant. *See* 29 U.S.C. § 1132(d). Here, Plaintiffs have not named the plan administrator as a defendant but instead have named Aon Corporation. Because Plaintiffs have sued the wrong party, they cannot, as a matter of law, establish liability under Counts II, IV, VI, VII and X of their Second Amended Complaint. Accordingly, these causes of action must be dismissed to the extent that they implicate the Plan.[1]

---

[1] Counts II, IV, VI, VII and X of the Second Amended Complaint seek relief related to other agreements not subject to ERISA. Thus, Aon only seeks to dismiss these causes of action to the extent that they implicate the Plan.

## II. FACTUAL BACKGROUND

In the Second Amended Complaint, Plaintiffs assert multiple causes of action to enforce their alleged rights under the Plan. Second Amended Complaint at ¶¶ 33-37 (Plaintiff Arkley), ¶¶ 62-64 (Plaintiff Parizino), and ¶¶ 87-89 (Plaintiff Caldwell), including:

1. Declaratory Relief (Second Cause of Action): Plaintiffs seek a judicial declaration that the Plan's covenants not to compete are governed by California law and facially void and unenforceable under California Business and Professions Code 16600. Second Amended Complaint, ¶¶ 110-116.
2. Intentional Interference with Prospective Economic Relations (Fourth Cause of Action): Plaintiffs allege that Defendants "engaged in wrongful conduct" and intended to disrupt Plaintiffs' "economic relationships with clients …. by the enforcement of the covenants not to compete … [in the Plan]." Second Amended Complaint, ¶¶ 120-129.
3. Breach of Contract (Sixth Cause of Action): Plaintiffs allege that "Defendants have breached [the Plan] of Plaintiff Arkley by forfeiting his benefits." Second Amended Complaint, ¶¶ 140-144.
4. Violation of Labor Code § 432.5 (Seventh Cause of Action): Plaintiffs allege that Defendants violated section 432.5 of the California Labor Code by "tender[ing] and attempt[ing] to enforce the covenants not to compete in … [the Plan] … with knowledge that said covenants not to compete are facially invalid and unenforceable as a matter of California law …." Second Amended Complaint, ¶¶ 145-149.
5. Accounting (Tenth Cause of Action): Plaintiffs seek an accounting of the benefits and compensation due under the Plan. Second Amended Complaint, ¶¶ 164-167.

Whether Plaintiffs have a right to receive payments under the Plan – or whether Plaintiffs have forfeited that right – must be adjudicated under the provisions of ERISA. Accordingly, Defendants removed the case because civil claims that are redressable under ERISA confer federal question jurisdiction. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 799 (9th Cir. 1987). Plaintiffs did not seek to remand the case to state court.[2]

In the Second Amended Complaint, Plaintiffs name Aon Corporation in its individual capacity to pursue benefits under the Plan. *See* Second Amended Complaint, ¶¶ 33, 62, 87 ("Said Excess Benefit Plan was signed by and on behalf of Defendant Aon Corp."). Aon Corporation, however, is not the plan administrator and lacks the necessary and appropriate "powers, rights, duties and obligations" with respect to the Plan to be sued in an individual capacity. The Plan expressly states that an "Administrative Committee established pursuant to the Pension Plan" (defined as the "Committee") shall be the administrator "with all necessary and appropriate powers, rights, duties and obligations with respect to the [Plan]." *See* the Second Amended Complaint, Exh. C, §§ 2.1(c) and 6.1, respectively. Because Plaintiffs have failed to sue the correct party, their causes of action relating to the Plan must be dismissed.

## III. ARGUMENT

### A. Legal Standard

In ruling on a motion to dismiss for failure to state a claim, pursuant to Rule

[2] Although subject matter jurisdiction may be questioned at any time, deliberately delaying an objection to removal jurisdiction until the court rules on the merits "is improper, indeed sanctionable ... and quite possibly unethical." *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002). In the Notice of Removal, Defendants extensively argued that the Plan is a "top hat" plan subject to ERISA preemption. Plaintiffs did not contest that the Plan is subject to ERISA, and likely avoided the argument pending the outcome of a motion for summary judgment they intended to file. Such manipulative tactics preclude Plaintiffs from now contending that the Plan is not subject to ERISA.

12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), the Court must accept all the allegations of the complaint as true and draw all inferences in favor of the plaintiff. *See McNamara-Blad v. Association of Professional Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir. 2002). A court may dismiss a complaint pursuant to FRCP 12(b)(6) for lack of a cognizable legal theory or for the pleading of insufficient facts under an adequate theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). Moreover, although all material allegations are taken as true, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. The Plan is Preempted by ERISA.**

The Plan is preempted by ERISA because it is a "top hat" plan. A "top hat" plan is an unfunded plan maintained by an employer "primarily for the purpose of providing deferred compensation to a select group of management or highly compensated employees." 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a); *Garratt v. Knowles*, 245 F.3d 941, 946 n. 4 (7th Cir. 2001); *Olander v. Bucyrus-Erie Co.*, 187 F.3d 599, 604 (7th Cir. 1999) (top hat plans are "subject to ERISA's enforcement provisions even if it is excepted from ERISA's vesting, participation, funding, and fiduciary rules"), citing *In re New Valley Corp.*, 89 F.3d 143, 149 (3d Cir. 1996); *Duggan v. Hobbs*, 99 F.3d 307, 310 (9th Cir. 1996); *Carr v. First National Bank*, 816 F. Supp. 1476, 1486 (N.D. Cal. 1993) ("Top hat plans are 'employee benefit plans' within the meaning of ERISA.").

Although the Plan is entitled the "Aon Corporation Excess Benefit Plan," suggesting that the Plan is excluded from ERISA under 29 U.S.C. § 1003(b)(5) (which excludes "excess benefit plans"),[3] it is the statutory definition and not the

[3] Section 1003(b)(5) provides that ERISA "shall not apply to any employer benefit plan if … such plan is an excess benefit plan (as defined in Section 1002(36) of this title) and is unfunded." 29 U.S.C. § 1003(b)(5).

title of the Plan that determines whether it is an "excess benefit plan" or a "top hat" plan. *Goldstein v. Johnson & Johnson*, 251 F.3d 433, 438 n.2 (3rd Cir. 2001) (noting that despite defendant having termed its plan an "Excess Benefit Plan," the court determined that the plan was, in fact, a top hat plan, governed by ERISA). "The statutory test for whether a plan is an excess benefit plan [turns] on the purposes of the plan in general rather than on the specific way the plan applies to a party." *Olander v. Bucyrus-Erie Co.*, 187 F.3d 599, 604 (7th Cir. 1990); *see Garratt*, 245 F.3d at 946. The decisive consideration is whether the employer maintained the plan for the sole purpose of avoiding the contribution and benefits limitations imposed by Internal Revenue Code § 415, "such that even if a plan with other purposes has only the effect of avoiding the § 415 limitations in an individual case, that plan is not an excess benefit plan." *Id.* Section 1002(36) defines an excess benefit plan in relevant part as follows:

> [A] plan maintained by an employer **solely** for the purpose of providing benefits for certain employees in excess of the limitations on contributions and benefits imposed by section 415 of Title 26 on plans to which the section applies, without regard to whether the plan is funded.

(emphasis added). There is no question that the Plan does not meet this definition because it is not maintained by Aon "*solely*" for the purposes of providing benefits for certain employees in excess of the limitations on contributions and benefits imposed by 26 U.S.C. § 415. Rather, the Plan's purpose is stated as:

> The company maintains the Pension Plan, which is intended to meet the requirements of a qualified retirement plan under Code Section 401(a). The Pension Plan contains certain restrictions that sometimes result in a diminution of benefits available to certain highly compensated employees. [The Plan] is established to replace benefits lost due to this diminution for eligible employees; and consequently **it is intended to be an unfunded deferred compensation plan for a select group of management or highly compensated employees, as described in Sections 201(2) [29 U.S.C. § 1051(2)], 301(a)(3) [29 U.S.C. § 1081(a)(3)], and 401(a)(1) [29 U.S.C. § 1101(a)(1)] of the Employee Retirement Income Security Act of 1974 ("ERISA")**.

Second Amended Complaint, Exh. C, Aon Corp. Excess Benefit Plan § 1.2.

This Plan language mirrors the cited sections of ERISA, which define an

unfunded plan the employer maintains "primarily for the purpose of providing deferred compensation to a select group of management or highly compensated employees" as a "top hat plan," not an "excess benefit plan." 29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a).

The Plan is also maintained to avoid the compensation limit of 26 U.S.C. § 401(a)(17).[4] *See* Second Amended Complaint at Exhibit C ("the Annual Earnings used for determining benefits payable from the Pension Plan shall not be limited by the Compensation Limit" (pg. 4), which is defined in the Plan as "the limitation on the amount of Annual Earnings which may be considered after application of Code Section 401(a)(17)" (pg. 2)). Plaintiffs Arkley, Parizino and Caldwell have not, and cannot, dispute that their annual earnings at Aon exceeded the $360,000 annual limit imposed by § 401(a)(17) in 2011. *See* IR-2010-108 (October 28, 2010). This "avoidance of the limitations of § 401(a)(17) [is] significant" enough to render a plan a "top hat" plan, rather than an excess benefit plan under ERISA even where the plan in question did not specifically state its purpose as a "top hat" plan. *Garratt v. Knowles*, 245 F.3d 941, 947-48 (7th Cir. 2001).

In *Wayne A. Wignes v. Aon Corporation* ("*Wignes*"), the U.S. District Court for the Northern District of Illinois held that **the same Aon Excess Benefit Plan was a "top hat" plan subject to preemption under ERISA**.[5] *Wignes*, Case No. 1:08-cv-05047, 2010 WL 1193756 at *4 (N.D. Ill. 2010).[6] The *Wignes* court held that the Aon Excess Benefit Plan was a "top hat" plan because (1) "the Plan language states that it is intended to meet the requirements of a qualified retirement plan under § 401(a) of the Code, not § 415;" (2) "the Plan language states that the

[4] 26 U.S.C. § 417(a)(17) limits the amount of compensation that employees may take into account under qualified retirement plans to $360,000.

[5] The *Wignes* court based its decision on a prior version of the Aon Excess Benefit Plan, but specifically relied on the exact same language used in the Plan.

[6] *See* Fed. R. App. Proc. 32.1 (federal courts can no longer bar citation to unpublished opinions decided after January 1, 2007).

purpose of the Plan is to replace benefits that certain highly compensated employees lose on account of the Plan's benefit restrictions …. [and] it is intended to be an unfunded deferred compensation plan for a select group of management or highly compensated employees;" and (3) "the Plan's reference to three particular provisions of ERISA – [29 U.S.C. §§ 1051(2), 1081(a)(3), and 1101(a)(1)] – means that it is a 'top hat' plan." *Wignes*, Order dated April 9, 2009 [Dkt. No. 23], attached hereto as Exhibit C. The *Wignes* court concluded, "it cannot be argued that the Plan's sole purpose was to avoid the limitation of § 415 of the Code." *Id.*, citing *Garratt*, 2000 WL 995490, at *2-3.

**C. Aon Corporation is not the Proper Defendant in an ERISA Action.**

In a suit for benefits under ERISA, the plaintiff must name the plan as a Defendant. See 29 U.S.C. § 1132(d) ("Any money judgment under this title against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such a person is established in his individual capacity under this title"); *see also Ford v. MCI Commc'ns Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081-82 (9th Cir. 2005); *Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1028-29 (9th Cir. 2009) ("A claim under [ERISA] may be brought against 'the plan itself' and 'plan administrators in their official capacities only.'"). Under ERISA § 3(16)(A), the plan administrator is defined as "the person specifically so designated by the terms of the instrument under which the plan is operated." *Ford*, 399 F.3d at 1081.

Plaintiff cannot establish liability against Aon Corporation because Aon is not the plan administrator. The Plan specifically states that the Administrative Committee, as defined therein, shall administer the Plan, not Aon Corporation.[7]

[7] The Plan expressly states that an "Administrative Committee established pursuant to the Pension Plan" (defined as the "Committee") shall be the administrator "with all necessary and appropriate powers, rights, duties and obligations with respect to the [Plan]." Aon Corporation is defined as a distinct entity under the Plan. *See* the Second Amended Complaint, Exh. C, §§ 2.1(c) and 6.1, respectively.

Because Aon Corporation is not the proper defendant in this action with respect to Plaintiffs' attempts to enforce, recover and clarify benefits under the Plan, Plaintiffs II, IV, VI, VII and X causes of action should be dismissed to the extent that they implicate the Plan.

## IV. CONCLUSION

For these reasons, Aon respectfully requests that the Court dismiss with prejudice Counts II, IV, VI, VII and X of the Second Amended Complaint to the extent that they implicate the Plan.

Dated: September 6, 2012

DLA PIPER LLP (US)

By /s/ Erin Jane Illman
SHAND S. STEPHENS
MARGARET L. PARKER
ERIN JANE ILLMAN
Attorneys for Defendants and Counterclaimants
AON RISK SERVICES COMPANIES, INC., AON RISK INSURANCE SERVICES WEST, INC., and AON CORPORATION