SAMUEL A. KEESAL, JR., CASB No. 38014
skip.keesal@kyl.com
ELIZABETH H. LINDH, CASB No. 162660
elizabeth.lindh@kyl.com
CHRISTOPHER A. STECHER, CASB No. 215329
christopher.stecher@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
400 Oceangate, P.O. Box 1730
Long Beach, California 90801-1730
Telephone:(562) 436-2000
Facsimile: (562) 436-7416

Attorneys for Plaintiffs PETER ARKLEY, MICHAEL PARIZINO and KENNETH CALDWELL

*Please see signature page for complete representation of parties to this Opposition*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PETER ARKLEY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>AON RISK SERVICES COMPANIES, INC., *et al.*,<br><br>Defendants. | ) | Case No. CV12-01966 DSF (RZx)<br><br>**PLAINTIFFS PETER ARKLEY, MICHAEL PARIZINO AND KENNETH CALDWELL'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, IN PART, THE SECOND AMENDED COMPLAINT**<br><br>Date: October 29, 2012<br>Time: 1:30 P.M.<br>Place: Ctrm. 840<br>Judge: Hon. Dale S. Fischer |
| AND RELATED COUNTERCLAIMS | ) | |

# TABLE OF CONTENTS


I. INTRODUCTION ........................................ 1

II. FACTUAL AND PROCEDURAL OVERVIEW ........................................ 2

III. DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF ANY PORTION OF THE SAC'S CLAIMS RELATED TO THE PLAN ........................................ 3

A. Legal Standard — FRCP 12(B)(6) And FRCP 12(C) ........................................ 3

B. Whether The Plan Is A "Top Hat" Plan Is A Question Of Fact That Cannot Be Decided On A Motion For Judgment On The Pleadings ........................................ 5

C. The Individual Plaintiffs Were Not Required To Name The Plan Administrator ........................................ 7

D. If The Court Grants Defendants' Motion, The Individual Plaintiffs Should Be Granted Leave To Amend ........................................ 10

IV. CONCLUSION ........................................ 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aldabe v. Aldabe*,
616 F.2d 1089 (9th Cir. 1980).....4

*Alexander v. Brigham and Women's Physicians Org., Inc.*,
513 F.3d 37 (1st Cir. 2008).....6

*Alexander v. Brigham & Women's Physicians Org., Inc.*,
467 F.Supp.2d 136, 142 (D. Mass. 2006).....5

*Arbaugh v. Y & H Corp.*,
546 U.S. 500 (2006).....3

*Bakri v. Venture Mfg. Co.*,
473 F.3d 677 (6th Cir. 2007).....6, 7

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990).....5

*Broam v. Bogan*,
320 F.3d 1023 (9th Cir. 2003).....3, 10

*Cafasso v. General Dynamics C4 Systems, Inc.*,
637 F.3d 1047 (9th Cir. 2011).....10

*Callan v. Merrill Lynch & Co.*,
No. 09 CV 0566 BEN, 2010 U.S.Dist. LEXIS 89997
(S.D. Cal. Aug. 30, 2010).....5, 6

*Cholla Ready Mix, Inc. v. Civish*,
382 F.3d 969 (9th Cir. 2004).....4

*Cyr v. Reliance Standard Life Ins. Co.*,
642 F.3d 1202 (9th Cir. 2011) (*en banc*).....1, 8, 10

*Doe v. United States*,
58 F.3d 494 (9th Cir. 1995).....10

*Duggan v. Hobbs*,
99 F.3d 307 (9th Cir. 1996).....6

*Elvig v. Calvin Presbyterian Church*,
375 F.3d 951 (9th Cir. 2004).....3, 4

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*,
132 F.3d 526 (9th Cir. 1997)....................4

*Ford v. MCI Commc'ns. Corp. Health & Welfare Plan*,
399 F.3d 1076 (9th Cir. 2005)....................7, 8

*Gilligan v. Jamco Dev. Corp.*,
108 F.3d 246 (9th Cir. 1997)....................3

*Guiragoss v. Khoury*,
444 F.Supp.2d 649 (E.D. Va. 2006)....................6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1990)....................4

*Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*,
530 U.S. 238, 120 S.Ct. 2180, 147 L.Ed. 2d 187 (2000)....................8

*James Barron v. Ashland, Inc., et al.*,
No. CV 10-01301 SJO, 2011 U.S.Dist. LEXIS 122180
(C.D. Cal. Oct. 21, 2011)....................8, 10

*Lonberg v. City of Riverside*,
300 F.Supp.2d 942 (C.D. Cal. 2004)....................4, 10

*McGraw-Hill Cos. v. Estate of John D. Dailey*,
No. 97-3777 (ER), 1998 U.S.Dist. LEXIS 6779
(E.D. Pa. May 12, 1998)....................5, 6, 7

*Roberts v. Fearless Farris Service Stations, Inc.*,
No. CIV 05-472-S-WFN, 2008 U.S.Dist. LEXIS 9295
(D. Idaho Feb. 6, 2008)....................5

*Salmo v. PHH Mortg. Corp.*,
No. CV 11-1582-ODW, 2012 U.S.Dist. LEXIS 3474
(C.D. Cal. Jan. 11, 2012)....................4, 10

*Stanley v. Trustees of Cal. State Univ.*,
433 F.3d 1129 (9th Cir. 2006)....................4

*United States v. 97,667.00 in United States Currency*,
538 F.Supp.2d 1246 (C.D. Cal. 2007)....................4, 5

*United States v. City of Redwood*,
640 F.2d 963 (9th Cir. 1981)....................3

*Wayne A. Wignes v. Aon Corporation*,
No. 1:08-cv-05047 (RG), 2010 U.S.Dist. LEXIS 26323
(N.D. Ill. Mar. 19, 2010) .......... 7

*Zipes v. Trans World Airlines, Inc.*,
455 U.S. 385 (1982) .......... 3

## FEDERAL STATUTES AND RULES

29 U.S.C. §§ 1001, *et seq*. .......... 1

29 U.S.C. §§ 1051(2) .......... 6

29 U.S.C. § 1132(a)(1)(B) .......... 3, 8

29 U.S.C. § 1132(e)(1) .......... 3

FRCP Rule 12(b)(6) .......... 1, 3, 4

FRCP Rule 12(c) .......... 3, 4

FRCP Rule 12(h)(2) .......... 4

## STATE STATUTES AND RULES

Cal. Bus. & Prof. Code §§ 16600 and 17200 .......... 2

Cal. Labor Code § 432.5 .......... 2

Plaintiffs Peter Arkley, Michael Parizino and Kenneth Caldwell (the "Individual Plaintiffs") submit this Opposition to Defendants AON RISK SERVICES COMPANIES, INC. ("Aon Risk"), AON RISK INSURANCE SERVICES WEST, INC. ("Aon West"), and AON CORPORATION's ("Aon Corp.") (collectively referred to as "Defendants") Motion to Dismiss, In Part, the Second Amended Complaint (Docket No. 72; referred to hereinafter as the "Motion"). As discussed below, Defendants' Motion should be denied.

## I. INTRODUCTION

In their untimely and misguided Motion under Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6), Defendants make two principal contentions:

1. that the Aon Corporation Excess Benefit Plan (the "Plan") is a "top hat" plan preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*; and
2. that any of the Individual Plaintiffs' claims that touch upon the Plan must be dismissed due to the alleged failure to name the Plan's administrator as a defendant in this lawsuit.

Defendants' contentions miss the mark by a wide margin.

As discussed below, Defendants have ***not*** established — on the basis of the pleadings before the Court — that the Plan is a "top hat" plan under ERISA. Further, even if the Plan is a "top hat" plan as that term is used in ERISA litigation, the Ninth Circuit has held unequivocally that there is no requirement that a benefits plan or the plan administrator be named as a defendant in the lawsuit. Indeed, in *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (*en banc*) — ***a controlling decision that Defendants fail to cite in their Motion*** — the Ninth Circuit expressly ***overruled*** the very decision on which Defendants rely in support of their contention that the only proper defendant is the Plan's administrator.

Defendants' Motion lacks even a scintilla of merit. The Individual

Plaintiffs respectfully submit that it should be denied in its entirety.

## II. FACTUAL AND PROCEDURAL OVERVIEW

The Individual Plaintiffs were employees of Aon Risk and Aon West over a period that spanned 17 years. *See* Second Amended Complaint ("SAC"), ¶¶ 13, 15, 39, 41, 66, 68 [Docket No. 1-1]. Each of the Individual Plaintiffs worked pursuant to written employment agreements, which expired by their own terms on April 30, 2011. *See id.*, ¶¶ 17, 22, 43, 50, 69, 73. Those agreements contained, among other provisions, covenants not to compete that purported to prohibit the Individual Plaintiffs from, among other things, accepting or doing business with any of the customers they serviced or whose account they became familiar with during their last 24 months of employment with Aon Risk and Aon West, respectively. *Id.*, ¶¶ 19, 45, 71.

On Sunday, June 5, 2011, after the employment agreements expired, Eric Andersen (Chief Executive Officer of Aon U.S. Retail) called Mr. Arkley at home. Mr. Andersen informed Mr. Arkley that, after 17 years, Aon was terminating Mr. Arkley's employment. Aon Risk did not provide Mr. Arkley with any reason for his termination. *See* SAC, ¶ 25. Messrs. Parizino and Caldwell then resigned and followed Mr. Arkley to Alliant Insurance Services, Inc. ("Alliant"). *Id.* at ¶¶ 51, 75.

On June 13, 2011, the Individual Plaintiffs filed a lawsuit in California state court against Aon Risk and Aon West asserting causes of action for declaratory relief and violations of: (1) California Business & Professions Code sections 16600 and 17200 and (2) Labor Code section 432.5. The Individual Plaintiffs and Alliant thereafter filed a First Amended Complaint and the SAC, asserting additional causes of action against Defendants. Among other allegations in their SAC, the Individual Plaintiffs asserted various claims related to unlawful restrictive covenants in the Plan, as well as Defendants' wrongful forfeiture of Mr. Arkley's benefits under the Plan. *See, e.g.*, SAC ¶¶ 33-37, 62-64, 87-89, 110-116, 140-144, 164-167.

On March 8, 2012, Defendants removed the action to this Court. *See*

Docket No. 1.[1] Defendants filed their Joint Answer on March 15, 2012. *See* Docket No. 8. In their Joint Answer, Defendants denied most of the substantive allegations in the SAC, including most of the allegations pertaining to the Plan. However, they admitted that ***they*** forfeited Mr. Arkley's rights in and benefits under the Plan. *See* Defendants' Joint Answer, ¶ 37 at Docket No. 8. The parties have engaged in preliminary discovery, but Defendants have not produced documents in this matter as of the filing of this Opposition.

## III. DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF ANY PORTION OF THE SAC'S CLAIMS RELATED TO THE PLAN

### A. Legal Standard — FRCP 12(b)(6) And FRCP 12(c)

FRCP 12(b)(6) motions are viewed with disfavor. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003), *citing Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Dismissal without leave to amend is proper only in "extraordinary" cases. *Broam*, *supra*, at 1028, *quoting United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981). In addition, a motion under FRCP 12(b)(6) must be made ***before*** the responsive pleading. *See* FRCP 12(b)(6); *Elvig v.*

[1] Defendants make much of the fact that the Individual Plaintiffs did not move to remand the case to state court, even referring to that decision as "manipulative tactics." *See* Motion, p. 3:5-6; 3:26-7. Defendants' aspersions are unfounded. Further, they are entirely irrelevant to any issue in this Motion. It is clear that the existence of an ERISA plan is ***not*** a jurisdictional requirement. Like Title VII's jurisdictional provision, Section 502(e)(1) of ERISA grants federal courts "jurisdiction of actions under" section 502(a)(1)(B), 29 U.S.C. section 1132(e)(1), and does not "specif[y] any threshold ingredient" on which that jurisdiction depends. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006). Section 502(a)(1)(B) does ***not*** "speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982), *quoted in Arbaugh*, 546 U.S. at 515. In light of *Arbaugh* and its progeny, the existence of an ERISA plan is considered an element of a claim under Section 502(a)(1)(B), ***not a prerequisite for federal jurisdiction***. The Individual Plaintiffs' decision not to seek remand, therefore, has no bearing on whether the Plan is a true ERISA plan or a "top hat" plan as Defendants contend.

*Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (finding that the district court mistakenly applied FRCP 12(b)(6) in dismissing the plaintiff's complaint since the defendants filed their motion to dismiss ***after*** filing their answer).

Here, Defendants filed their Joint Answer on March 15, 2012. *See* Docket No. 8. They did not file this Motion until September 6, 2012. *See* Docket No. 72. Accordingly, their Motion under FRCP 12(b)(6) is untimely. Due to the untimely nature of the Motion, the Motion may be considered ***only*** as a motion for judgment on the pleadings, pursuant to FRCP Rule 12(c) or 12(h)(2). *See Elvig*, *supra*, at 955, *citing Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

Judgment on the pleadings under FRCP 12(c) is proper only when "taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *See United States v. 97,667.00 in United States Currency*, 538 F.Supp.2d 1246, 1249 (C.D. Cal. 2007), *quoting Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). "It must appear ***beyond doubt*** that the plaintiff can prove no set of facts that would entitle it to relief." (Emphasis added.) *Id.*, *citing Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997). Allegations by the non-moving party must be accepted as true. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).[2]

If a court grants such a motion, the court, in its discretion, may grant the non-moving party leave to amend. *See Salmo v. PHH Mortg. Corp.*, No. CV 11-1582-ODW (PJWx), 2012 U.S.Dist. LEXIS 3474, *6-7 (C.D. Cal. Jan. 11, 2012), *citing Lonberg v. City of Riverside*, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004) ("[A]lthough Rule 12(c) does not mention leave to amend, courts have discretion both to grant a Rule

---

[2] The Court need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged," or "merely conclusory, unwarranted deductions of fact or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (internal quotation marks and citations omitted) (reviewing ruling under Rule 12(b)(6)).

12(c) motion with leave to amend and to simply grant dismissal of the action instead of entry of judgment.") (citations omitted). Dismissal is appropriate ***only*** if a plaintiff "fails to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory." *See United States v. 97,667.00 in United States Currency*, *supra*, at 1249, *citing Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Whether The Plan Is A "Top Hat" Plan Is A Question Of Fact That Cannot Be Decided On A Motion For Judgment On The Pleadings

Defendants devote most of their Motion to arguing that the Plan is a "top hat" plan subject to ERISA. However, whether the Plan is truly a "top hat" plan is a question of fact that cannot be resolved on the pleadings currently before the Court. *See, e.g.*, *McGraw-Hill Cos. v. Estate of John D. Dailey*, No. 97-3777 (ER), 1998 U.S.Dist. LEXIS 6779, *6-7 (E.D. Pa. May 12, 1998) (denying motion to dismiss and finding that "[b]ased on the pleadings, the Court cannot determine whether the plan is indeed a 'top hat plan.' Rather, this is a factual issue which can only be resolved after discovery on the matter has been concluded.").

It is fundamental that a defendant-employer bears the burden of demonstrating that a plan is a "top hat" plan. *See Roberts v. Fearless Farris Service Stations, Inc.*, No. CIV 05-472-S-WFN, 2008 U.S.Dist. LEXIS 9295, *10-11 (D. Idaho Feb. 6, 2008) (finding that the defendants failed in their burden of proving that the plan at issue was a "top hat" plan), *citing Alexander v. Brigham & Women's Physicians Org., Inc.*, 467 F.Supp.2d 136, 142 (D. Mass. 2006). In determining whether a defendant has met its burden in establishing that a plan qualifies as a "top hat" plan, courts consider a list of qualitative and quantitative factors: (1) the percentage of the total workforce invited to join the plan (quantitative), (2) the nature of their employment duties (qualitative), (3) the compensation disparity between top hat plan members and non-members (qualitative), and (4) the actual language of the plan agreement (qualitative). *See Callan v. Merrill Lynch & Co.*, No. 09 CV 0566 BEN,

2010 U.S.Dist. LEXIS 89997, *26-27 (S.D. Cal. Aug. 30, 2010) (applying four-part test and *citing Bakri v. Venture Mfg. Co.*, 473 F.3d 677, 680 (6th Cir. 2007).[3]

Here, Defendants address only the fourth prong of the above test, relying solely on the language of the Plan itself. *See* Motion, pp. 4-7. A plan, however, cannot merely state that it complies with ERISA's "top hat" exemptions in order to qualify thereunder. *See*, *e.g.*, *Alexander v. Brigham and Women's Physicians Org.*, *Inc.*, 513 F.3d 37, 45 (1st Cir. 2008) (noting that a plan's specific language may aid the court in determining whether a plan is a "top hat" plan, ***but*** the "scrivener's choice of plan language cannot be allowed to control" the analysis), *citing Bakri*, 473 F.3d at 678. *See also Guiragoss v. Khoury*, 444 F.Supp.2d 649, 658 (E.D. Va. 2006) (finding that "merely inserting the ERISA definition of a top hat plan into a document is insufficient if the actual plan does not satisfy the top hat requirements"). Thus, Defendants' reliance solely on the language of the Plan is misplaced.

In *Callan*, *supra*, the district court found that the plan at issue was a "top hat" plan for the purposes of 29 U.S.C. §§ 1051(2). *See* 2010 U.S.Dist. LEXIS 89997 at *33. However, the court conducted an extensive analysis of all the factors, including reviewing evidence that the defendants submitted in support of each prong of the four-part *Bakri* test. *See id.* at **25-33. Here, by contrast, Defendants make no arguments (let alone proffer evidence) regarding the necessary factors, including the percentage of the total workforce invited to join the plan, the nature of their employment duties, or the compensation disparity between top hat plan members and non-members. Accordingly, Defendants have not satisfied their burden of establishing that the Plan is a "top hat" plan. At least for the purposes of this Motion to Dismiss — as in *McGraw-Hill Cos.*, supra — there is no support for a finding that the Plan is indeed a "top hat" plan.

---

[3] The Ninth Circuit has not clarified whether the *Bakri* test or another test applies, but at least one Ninth Circuit case has used a similar analysis. *See Callan*, 2010 U.S. Dist. LEXIS 89997 at *27, *citing Duggan v. Hobbs*, 99 F.3d 307, 310-11 (9th Cir. 1996).

*McGraw-Hill Cos.*, 1998 U.S.Dist. LEXIS 6779 at *6-7.

The cases Defendants cite in support of their contention that the Plan is an ERISA "top hat" plan are neither controlling nor persuasive. The cases largely were before the respective courts on motions for remand, which, of course, is not the case here. Indeed, the cited cases conducted no analysis of the *Bakri* factors listed above. Instead they focused on whether the district courts had jurisdiction. Further, the primary case on which Defendants rely — *Wayne A. Wignes v. Aon Corporation*, No. 1:08-cv-05047 (RG), 2010 U.S.Dist. LEXIS 26323 (N.D. Ill. Mar. 19, 2010) — does not include a single reference to the term "top hat."[4] Defendants' authorities add nothing to the analysis of the issues before this Court. They should be rejected.

### C. The Individual Plaintiffs Were Not Required To Name The Plan Administrator

Even assuming *arguendo* that the Plan is a true "top hat" plan under ERISA — a fact the Individual Plaintiffs do not concede for the purpose of this Motion — Defendants' Motion must still be denied. Defendants' entire argument is premised upon the theory that, in a suit "for benefits under ERISA, the plaintiff must name the plan as a Defendant." *See* Motion, p 7:11-12. Defendants argue that Aon is not a proper party since it is not the Plan or the plan administrator. *Id.* at p. 7:22-23. In support of their theory, Defendants cite *Ford v. MCI Commc'ns. Corp. Health &*

---

[4] The cite Defendants actually provide is *Wayne A. Wignes v. Aon Corporation*, Case No. 1:08-cv-05047, 2010 WL 1193756 (N.D. Ill. 2010). The Individual Plaintiffs assume Defendants are referring to the March 19, 2010 ruling in that case, since it is the only substantive ruling made by the *Wignes* District Court in the year 2010. That March 2010 ruling does not include the term "top hat" anywhere. In April 2009, the court denied the plaintiff's ***motion to remand***. That jurisdictional order, which Defendants allude to in their Motion, discussed a "top hat" plan, but it contained no analysis of the *Bakri* factors and relied solely on the language of the plan. Clearly, the issue of whether the plan was truly a "top hat" plan was not before that court on a motion to dismiss or motion for judgment on the pleadings, as in this case.

*Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005).

Unfortunately for Defendants, the ***Ninth Circuit expressly overruled*** *Ford* and held that "potential liability under 29 U.S.C. § 1132(a)(1)(B) is ***not*** limited to a benefits plan or the plan administrator." (Emphasis added.) *Cyr*, *supra*, 642 F.3d at 1207. In *Cyr*, the Ninth Circuit reviewed 29 U.S.C. § 1132(a)(1)(B), which "does not appear to limit which parties may be proper defendants in [a] civil action," and found "no limits stated anywhere in § 1132(a) about who can be sued." *Id.* at 1205. The Ninth Circuit further analyzed Supreme Court precedent in *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 120 S.Ct. 2180, 147 L.Ed. 2d 187 (2000), in which the Court "rejected the suggestion that there was a limitation contained within § 1132(a)(3) itself on who could be a proper defendant in a lawsuit." *Id.* at 1206. The Ninth Circuit, therefore, held:

> In short, the Court did not find a limit in § 1132(a)(3) as to who could be sued. We see no reason to read a limitation into § 1132(a)(1)(B) that the Supreme Court did not perceive in § 1132(a)(3).

*Id.* The Ninth Circuit concluded that, since the defendant (which was not the plan or the plan administrator) had denied the plaintiff's request for benefits and was responsible for paying legitimate benefit claims, it was, therefore, "a logical defendant for an action by [the plaintiff] to recover benefits due to her under the terms of the plan and to enforce her rights under the terms of the plan, which is precisely the civil action authorized by § 1132(a)(1)(B)." *Id.* at 1207. *See also James Barron v. Ashland, Inc., et al.*, No. CV 10-01301 SJO (VBKx), 2011 U.S.Dist. LEXIS 122180, *25-26 (C.D. Cal. Oct. 21, 2011) (*citing Cyr* and finding that the party "responsible for paying legitimate benefits claims," is a "logical defendant" and, therefore, "a proper party").

Here, the Individual Plaintiffs have alleged that Aon Corp. and the other

Defendants were in charge of the Plan and were responsible for denying Mr. Arkley's rights and benefits under the Plan. For example, in paragraph 37 of the SAC, the Individual Plaintiffs alleged that "***Defendants*** forfeited Plaintiff Arkley's rights in and benefits under the Excess Benefit Plan." (Emphasis added.) *See* SAC, ¶ 37 at Docket No. 1-1 (p. 8 of 247). "Defendants" is a defined term that included Aon Corp. *See id.* at p. 1:1-6, Docket No. 1-1 (p. 3 of 247).

In their Joint Answer, Defendants (including Aon Corp.) responded by stating:

> 37. Answering paragraph 37, ***Defendants admit the allegations of SAC paragraph 37***.

(Emphasis added.) *See* Defendants' Joint Answer, ¶ 37 at Docket No. 8 (9. 6 of 27). Thus, Defendants admit that they (***not*** some Plan administrator) forfeited Mr. Arkley's rights and benefits under the Plan.

In addition, Aon Corp. always maintained control of the Plan to amend or terminate it altogether. *See, e.g.*, SAC, Exhibit C, p. 14 at Docket No. 1-1 (p. 87 of 247), which provides, in relevant part:

> 7.1 Amendment and Termination. ***The Company*** reserves the right to amend the EBP from time to time or terminate the EBP at any time . . . Amendment, modification or termination of the EBP shall be by action of ***the Company's Board of Directors***, or by action of any person or entity ***authorized by the Board of Directors***.

(Emphasis added.)

Based on the foregoing, Aon Corp. clearly is a "logical defendant" and

"proper party" with respect to any claims related to the Plan. *Cyr*, *supra*; *James Barron*, *supra*. Defendants' reliance on the line of authorities expressly overruled *en banc* by the Ninth Circuit is misplaced and, regrettably, highly misleading. Defendants' arguments should be rejected.

### D. If The Court Grants Defendants' Motion, The Individual Plaintiffs Should Be Granted Leave To Amend

As discussed above, Defendants' Motion is without merit, and should be denied. However, if the Court decides to grant Defendants' Motion, the Court may allow leave to amend. *See Salmo, supra*, 2012 U.S.Dist. LEXIS 3474 *6-7; *Lonberg, supra*, 300 F.Supp.2d at 945. *See also Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (finding that "[n]ormally, when a viable case may be pled, a district court should freely grant leave to amend"); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts).

Here, the Individual Plaintiffs have alleged facts that demonstrate Aon Corp. is a proper defendant with respect to any claims touching upon the Plan. However, the Individual Plaintiffs could allege additional facts, including the facts that: (1) it was ***Aon Corp.*** that conducted the investigation that formed the basis for Aon's forfeiture of Mr. Arkley's rights under the Plan; and (2) it was in the judgment of the ***Chief Executive Officer of Aon Corp.*** that Mr. Arkley supposedly was in violation of the Plan. To the extent such facts are dispositive of the issues under *Cyr*, *supra*, the Individual Plaintiffs respectfully request leave to amend the SAC. *See Broam, supra*, 320 F.3d at 1026 n.2 (A court may consider factual allegations outside of the complaint in determining whether to grant leave to amend). In addition, to the extent the Court determines that the "Administrative Committee of the Aon Corporation Excess Benefit Plan" is an indispensible party to any pending claims, the Individual Plaintiffs

respectfully request leave to name that entity as a defendant.

## IV. CONCLUSION

For the above reasons, Defendants' Motion should be denied. However, if the Court determines that the SAC is insufficient with respect to Claims Two, Four, Six, Seven or Ten, the Individual Plaintiffs respectfully request leave to amend.

DATED: September 20, 2012

/s/ Christopher A. Stecher

SAMUEL A. KEESAL, JR.
ELIZABETH H. LINDH
CHRISTOPHER A. STECHER
KEESAL, YOUNG & LOGAN

*Attorneys for Plaintiffs PETER ARKLEY, MICHAEL PARIZINO and KENNETH CALDWELL*

CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@weil.com
GREGORY D. HULL (Bar No. 57367)
greg.hull@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

JEFFREY S. KLEIN (Admitted *Pro Hac Vice*)
jeffrey.klein@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs Peter Arkley, Michael Parizino, Kenneth Caldwell, and Alliant Insurance Services, Inc. and Counterdefendants Michael Parizino, Kenneth Caldwell, and Leslie Curry*