CHRISTOPHER J. COX (Bar No. 151650)
Email: chris.cox@weil.com
GREGORY D. HULL (Bar No. 57367)
Email: greg.hull@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

JEFFREY S. KLEIN (Admitted *Pro Hac Vice*)
Email: jeffrey.klein@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs Peter Arkley, Michael D. Parizino, Ken Caldwell, and Alliant Insurance Services, Inc. and Counterdefendants Michael D. Parizino, Ken Caldwell, and Leslie Curry*

SAMUEL A. KEESAL, JR. (Bar No. 38014)
Email: skip.keesal@kyl.com
ELIZABETH H. LINDH (Bar No. 162660)
Email: elizabeth.lindh@kyl.com
KEESAL, YOUNG & LOGAN LLP
450 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

*Attorneys for Plaintiff Peter Arkley and Plaintiffs and Counterdefendants Michael D. Parizino and Ken Caldwell*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| PETER ARKLEY *et al.*,<br>Plaintiffs,<br>v.<br>AON RISK SERVICES COMPANIES, INC. *et al.*,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. CV12-01966 DSF (RZx)<br><br>**COUNTERDEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 29, 2012<br>Time: 1:30 P.M.<br>Place: Ctrm. 840<br>Judge: Hon. Dale S. Fischer |

## I. PRELIMINARY STATEMENT

In its Opposition, Aon conspicuously ignores the clear guidance in *Edwards v. Arthur Anderson* and pushes two California Court of Appeal decisions on this Court to support its position that, even after *Edwards*, the Covenants Not to Hire at issue are enforceable under California law. But these Court of Appeal decisions were decided decades before the California Supreme Court held, in unmistakably clear words, that any covenant which restrains trade is invalid under California Business and Professions Code section 16600, unless it falls under one of the statutory exceptions to section 16600. Aon does not dispute that the covenants at issue restrain trade and that none of the statutory exceptions are applicable here. Instead, Aon relies on cases which enforced restrictive covenants as judicial exceptions to section 16600, a course of action specifically rejected by the California Supreme Court in *Edwards*. Because Aon's authority is legally unavailing, Aon's Fifth Cause of Action should be dismissed or stricken insofar as it alleges breaches of the Covenants Not to Hire.

Additionally, Aon's Third Cause of Action should be dismissed because, despite leave granted by this Court to amend, Aon again fails to identify factually the advantageous relationships it allegedly enjoys with specific third parties or any interference therewith. While Aon argues that this Court already rejected Counterdefendants' argument in its Order dismissing Aon's First Amended Counterclaims in part, this Court's Order did nothing of the sort.

## II. AON'S FIFTH CAUSE OF ACTION SHOULD BE DISMISSED OR STRIKEN IN PART BECAUSE THE COVENANTS NOT TO HIRE ARE UNENFORCEABLE IN CALIFORNIA

### A. The Supreme Court Provided Clear Guidance to the Lower Courts Regarding the Enforceability of Any Covenant that Restrains Trade

As discussed in more detail in Counterdefendants' opening brief, the test under *Edwards* for determining whether a contractual provision is invalidated by section 16600 is straightforward: does the contract provision in issue restrain trade; and if so,

does it fall within a statutory exception to the operation of section 16600. *See Edwards v. Arthur Andersen, LLP*, 44 Cal.4th 947-955, 81 Cal. Rptr. 3d 282, 291-297 (2008). Application of this test to the Covenants Not to Hire requires a finding that the Covenants are invalid under section 16600. Aon counters with a simple but wrong strategy: rather than reading the covenants at issue in the clear light of the *Edwards* decision, Aon argues that because *Edwards* addressed restraint on trade in the context of a non-compete provision rather than a non-solicit provision, its guidance should be disregarded. *See* Counterclaimants' Opposition to Motion to Dismiss or Strike ("Opp.") at 6: 21-22.

This argument is unavailing and should be rejected. However, even if one assumes that *Edwards* does not decide the issue before this Court, the absence of a Supreme Court decision nonetheless requires this Court to predict how the California Supreme Court will decide whether the covenants at issue are facially invalid under section 16600. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007) (noting that it is the task of the District Court to predict how the California Supreme Court would resolve any undecided issues.); *see also Intel Corp. v. Harford Accident & Indem. Co.*, 952 F.2d 1551, 1556 (9th Cir. 1991) (holding that federal courts must apply the law as it believes the California Supreme Court would apply it.)*; see also Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S. Ct. 1881,1886, 44 L. Ed.2d 508, 515 (1975) ("state courts are the ultimate expositors of state law"). Here, *Edwards* makes claim that the Supreme Court would not endorse the judicially-created exception for non-solicitation or no-hire provisions.

Indeed, given that the California Supreme Court provided clear and unmistakable guidance to subsequent courts that any covenant which restrains trade, including those that restrain post-employment conduct without preventing participation in a business or profession entirely, falls within the scope of section

16600, Aon's reliance on cases which do not analyze the validity of the covenants before them in light of the *Edwards* opinion provide little guidance to this Court.

For instance, *Loral*, the primary case on which Aon relies, was decided more than 20 years before *Edwards* and quite obviously offered no insight into the application of the *Edwards* opinion to *Loral's* analysis of the non-interference covenant at issue in that case. Aon offers this Court no view on how the holding in *Loral* should be viewed post-*Edwards*. Rather, Aon contents itself with the conclusion that because the particular covenant at issue here is different from the one at issue in *Edwards*, the statements made by the Supreme Court in *Edwards* regarding the validity of *any* contractual provision which restrains trade may be ignored with legal impunity.[1]

Aon also relies upon *Thomas Weisel Partners LLC v. BNP Paribas*, No. C 07-6198 MHP, 2010 WL 546497, at *4-6 (N.D. Cal. Feb. 10, 2010), an unreported federal court case, which again is a poor indicator of how the Supreme Court would resolve the issue before this Court. *Weisel* offers little guidance for the following reasons: (1) *Weisel* treated the restrictive covenant as a no-hire provision and on that basis determined that it was facially invalid under section 16600; (*see id* at *8); (2) *Edwards* disapproved of all judicially created exceptions to section 16600, which would include the exception created by *Loral* and relied upon by *Weisel*; and (3) *Weisel* provides no analyses for its conclusion that, if interpreted as a non-solicitation covenant, the restrictive covenant at issue there would remain enforceable despite 16600. In this regard, the *Weisel* court did not analyze whether the covenant restrained trade, or whether in such a circumstance, its conclusion would conflict with the California Supreme Court's determination that there are no judicially created exceptions to section 16600.

---

[1] Aon also relies upon an appellate court case which was decided almost 40 years before *Edwards* (*see Buskuhl v. Family Life Ins. Co.*, 271 Cal. App. 2d 514, 76 Cal. Rptr. 602 (1969)) and a number of cases from other jurisdictions. *See* Opp. at 5:1-22.

### B. The Covenants Not to Hire Are Invalid Even Under the *Loral* Standard

As discussed in more detail in Counterdefendants' opening brief, the Covenants Not to Hire would be facially invalid as over broad even under the *Loral* analysis. While the noninterference covenant at issue in *Loral* restricted only interference with or "raiding" of employees that would "disrupt, damage, impair, or interfere with the business" of the former employer (*Loral Corp. v. Moyes*, 174 Cal. App. 3d 268, 274, 219 Cal. Rptr. 836, 840 (1985)), Aon's Covenants Not to Hire are not tied to such interference, competition with Aon, use of Aon's trade secrets, or the ability of Aon to remain in business. Aon's Covenants Not to Hire do not prohibit "raiding" of Aon employees, but rather prohibit the solicitation of even one employee—a limitation which is broader than the non-interference provision enforced in *Loral*.

Aon also contends that the covenant at issue in *Loral* contained no time limitation and was therefore broader than then Covenants Not to Hire at issue here, which contain a two year restraint on employee mobility. *See* Opp. at 4:18-21. However, this argument ignores the fact that the *Loral* Court blue-penciled a one year limitation into the covenant it was addressing (*Loral Corp.*, 174 Cal. App. 3d at 279), making that covenant significantly narrower than Aon's Covenants Not to Hire.

## III. AON'S THIRD CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE MUST BE DISMISSED AS CONCLUSORY

For its intentional interference with prospective economic advantage counterclaim, in order to withstand a motion to dismiss Aon must identify with sufficient particularity the alleged economic relationships between Aon and any specific third parties, the Counterdefendants' knowledge of any specific relationship, and any economic harm or loss of business suffered as a result of Counterdefendants' conduct. *See AirDefense, Inc. v. AirTight Networks, Inc.*, No. C 05-04615JF, 2006 WL 2092053, at * 7 (N.D. Cal. July 26, 2006) (dismissing intentional interference

with prospective economic advantage claim where the plaintiff did not specify with whom it had economic relationships, what disruption took place, and the amount of damages that resulted); *see also AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 956 (N.D. Cal. 2003) (dismissing the intentional interference with economic advantage claim consisting of "conclusory allegations" where allegations concerned an "unspecified third party" and contained "no specific existing or prospective relationships"). As discussed in Counterdefendants' opening brief, Aon's failure to plead sufficient facts supporting a claim for intentional interference with prospective economic advantage is particularly important in this case, where Aon is pursuing a parallel action in New York state court, against different defendants in which it makes the same conclusory allegations concerning intentional interference with economic relations.

In its Opposition, Aon contends that in its Order dismissing Aon's First Amended Counterclaims in part, this Court ruled that Aon need not identify with particularity the alleged economic relationships between Aon and any specific third parties, the Counterdefendants' knowledge of such relationships, and any economic harm or loss of business suffered as a result of Counterdefendants' conduct. *See* Opp. at 8:10-14. In its Order, this Court dismissed Aon's eleventh counterclaim for intentional interference with prospective economic advantage because Aon failed to plead an independent wrong. *See* Dkt. No. 51, Section III(c). However, this Court made no ruling on Counterdefendants' other arguments. Therefore, Aon's contention that this argument was already rejected by this Court is incorrect.[2]

[2] Aon also contends that this Court already concluded that Aon does not need to individually name each employee in its complaint. *See* Opp. at 8-9. However, that finding was made in connection with Aon's counterclaim for intentional interference with contract—a completely different counterclaim. *See* Dkt. No. 50, fn. 6.

## IV. CONCLUSION

For the foregoing reasons, Counterdefendants respectfully request that the Court grant this motion.

Dated: September 27, 2012

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: *_/s/ Christopher J. Cox_*

CHRISTOPHER J. COX
GREGORY D. HULL
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100