**DLA PIPER LLP (US)**
SHAND S. STEPHENS (Bar No. 67694)
MARGARET L. PARKER (Bar No. 129897)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: (415) 836-2500
Fax: (415) 836-2501

**DLA PIPER LLP (US)**
ERIC S. BEANE (Bar No. 186029)
NICK S. PUJJI (Bar No. 259271)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067-4704
Tel: (310) 595-3000
Fax: (310) 595-3300

Attorneys for Defendants and Counterclaimants
AON RISK SERVICES COMPANIES, INC., AON RISK INSURANCE SERVICES WEST, INC., and AON CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ALLIANT INSURANCE SERVICES, INC., a Delaware Corporation; PETER ARKLEY, an individual; MICHAEL D. PARIZINO, an individual; and KEN CALDWELL, an individual,

Plaintiffs,

v.

AON RISK SERVICES COMPANIES, INC., a Delaware corporation; AON RISK INSURANCE SERVICES WEST, INC., a California corporation; AON CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

AND RELATED COUNTERCLAIMS.

CASE NO. 2:12-cv-01966-DSF-RZ

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, IN PART, THE SECOND AMENDED COMPLAINT**

Date: October 29, 2012
Time: 1:30 p.m.
Courtroom: 840

Action Filed: June 13, 2011
Action Removed: March 8, 2012

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Second Amended Complaint ("SAC") alleges causes of action related to the "Aon Excess Benefit Plan" (the "Plan"). The Plan is subject to ERISA and, therefore, confers federal question jurisdiction. Plaintiffs seek to recover benefits under the Plan, but fail to name the Plan or Plan Administrator as a defendant. In *Cyr v. Reliance Std. Life Ins., Co.*, the Ninth Circuit recently clarified that liability under ERISA is limited to plans and plan administrators *unless* another party's individual liability is established. In this regard, the plaintiff must clearly identify the party and demonstrate its power and authority to administer claims under the ERISA plan. Here, Plaintiffs vaguely assert that "defendants" forfeited their alleged benefits under the Plan. Plaintiffs do not identify which Aon defendant is being sued under the Plan, or whether any Aon defendant has the authority to administer claims under the Plan. Without more, Plaintiffs cannot, as a matter of law, establish liability under the Plan.

Plaintiffs oppose Aon's motion by arguing that the Plan is not subject to ERISA. In March 2012, Aon removed this case to federal court on the sole basis that the Plan is a "top hat" plan subject to ERISA. Plaintiffs did not seek to remand the case to state court. Instead, Plaintiffs have used this Court to adjudicate their state law claims, including a motion for summary judgment, a motion for certification, and two motions to dismiss Aon's counterclaims. Although Plaintiffs continue to argue that this Court lacks subject matter jurisdiction, they contend that it is premature to determine whether the Plan is subject to ERISA. This deliberate delay to object to removal jurisdiction precludes Plaintiffs from now contending that the Plan is not subject to ERISA.

In sum, Plaintiffs have either sued the wrong party or failed to adequately plead a claim against a proper party under ERISA. Accordingly, Plaintiffs cannot establish liability under Counts II, IV, VI, VII and X of the SAC, to the extent that

they implicate the Plan.

## II. ARGUMENT

### A. Aon's Rule 12(b)(6) Motion to Dismiss should be Construed as a Motion for Judgment on the Pleadings Under the Same Standard of Review.

Plaintiffs correctly point out that Aon's Rule 12(b)(6) motion to dismiss should be construed as a motion for judgment on the pleadings under Rule 12(c) and Rule (h)(2).[1] *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) ("[I]f a motion to dismiss is made after the answer is filed, the court can treat the motion as one for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c)."). Because a "Rule 12(c) motion is 'functionally identical' to a Rule 12(b) motion to dismiss … the standard of review is the same." *Callan v. Merrill Lynch & Co., Inc.*, 09 CV 0566 BEN (BGS), 2010 WL 3452371, at *2 (S.D. Cal. Aug. 30, 2010).

### B. Plaintiffs have not Named a Proper Defendant to Recover Benefits Under ERISA.

In *Cyr*, the Ninth Circuit held that potential liability under ERISA § 502(a)(1)(B) is not limited to only plans and plan administrators. *Cyr v. Reliance Std. Life Ins. Co.*, 642 F.3d 1202, 1206 (9th Cir. 2011). In support of their conclusion, the Ninth Circuit cited to ERISA § 502(d)(2), which provides that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person *unless* liability against such person is established in his individual capacity under this subchapter." *Id.* at 1206–07 (emphasis added). The Ninth Circuit explained that the "unless" clause of ERISA § 502(d)(2) "necessarily indicates that parties other than plans can be sued for money damages under other

---

[1] Courts allow Rule 12(b)(6) motions to be heard as Rule 12(c) and Rule 12(h)(2) particularly when the moving party's answer included the relevant affirmative defenses. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Aon raised affirmative defenses based on the failure to state a claim and to join a proper party. *See* Aon Answer [Dkt. No. 8], at pg. 19 (First Affirmative Defense) and pg. 22 (Fifteenth Affirmative Defense), respectively.

provisions of ERISA ... *as long as that party's individual liability is established*." *Id.* at 1207 (emphasis added). The Ninth Circuit's decision is limited to "appropriate circumstances," such as when another party has the authority to resolve and deny benefits claims or has the responsibility to pay them. *Id.*

Here, the Plan specifically created and appointed the "Administrative Committee" to be the plan administrator with full responsibility to administer the Plan. *See* SAC, Exh. C, §§ 2.1(c), 6.1. The Administrative Committee has "all necessary and appropriate powers, rights, duties and obligations with respect to the [Plan]." *See* SAC, Exh. C, § 6.1. It also has "complete discretion as to whether a claim shall be allowed or denied … [and its] decision in this regard shall be final." *Id.* § 6.3(e). Plaintiffs have not named the Plan or the Administrative Committee in this lawsuit.

In their Opposition, Plaintiffs mischaracterize *Cyr* as an open door to sue *any* party under ERISA. As stated above, the Ninth Circuit's decision is limited to parties who had the authority to resolve and deny benefits claims. Plaintiffs merely allege that "Defendants forfeited … rights in and benefits under the Excess Benefit Plan." *See* SAC, ¶ 37. Plaintiffs define "Defendants" to include Aon Risk Services Companies, Inc., Aon Risk Insurance Services West, Inc., and Aon Corporation. *See* SAC at pg. 1. Plaintiffs' Opposition vaguely states that "Aon Corporation and the other Defendants were in charge of the Plan." Opp. at 8. Plaintiffs, however, then adopt *Cry*'s buzzwords by stating that "Aon Corp. is clearly a 'logical defendant.'" Opp. at pgs. 9. The SAC does not contain a single allegation that demonstrates, or even suggests, that *any* of the Aon defendants had the authority to resolve and deny benefits under the Plan.

Accordingly, Plaintiffs have failed to name a proper defendant under ERISA and, therefore, they cannot establish liability under Counts II, IV, VI, VII and X of the SAC, to the extent that they implicate the Plan.

### C. Plaintiffs are Precluded from Arguing that the Plan is not Subject to ERISA.

Aon removed this case *six months ago* because the Plan is a "top hat" plan subject to ERISA. If the Plan is not subject to ERISA, this Court lacks jurisdiction because the claims and counterclaims arise under state law and Aon West is not diverse from Plaintiffs. Plaintiffs have never objected to the Court's jurisdiction, but they have used this Court to adjudicate a motion for summary judgment, two motions to dismiss, and a motion for certification. Now Plaintiffs contend that they are not subject to ERISA § 502(d)(2)'s pleading requirements because the Plan is not a "top hat" plan. Plaintiffs also contend, however, that it is premature to determine whether the Plan is a "top hat" plan subject to ERISA. Thus, Plaintiffs assert a defense that implicates a lack of subject matter jurisdiction, but ask the Court to set aside the issue while they continue to adjudicate their state law claims.[2] Such manipulative tactics preclude Plaintiffs from contending that the Plan is not subject to ERISA.

In their Opposition, Plaintiffs explain that they did not move to remand the case because "the existence of an ERISA plan is ***not*** a jurisdictional requirement." Opp. at 3, fn. 1 (emphasis in original). Plaintiffs cite no authority for this erroneous statement of law.[3] Notably, Plaintiffs attempt to distinguish Aon's case law related to "top hat" plans because they "focus [on] whether the district court had jurisdiction." Opp. at 7; *see Garratt v. Knowles*, 245 F.3d 941, 946 n. 4 (7th Cir. 2001); *Duggan v. Hobbs*, 99 F.3d 307, 310 (9th Cir. 1996). Thus, Plaintiffs allege

---

[2] If a court has any doubt as to whether removal was proper, it should remand the action to state court. *See Arora v. Hartford Life Annuity Ins. Co.*, 519 F. Supp. 2d 1021, 1025 (N.D. Cal. 2007).

[3] Federal question jurisdiction does not exist in so far as state law claims do not "relate to" an ERISA plan. *See Arora*, 519 F. Supp. 2d at 1021. Whether an ERISA plan exists is a "threshold" question with respect to jurisdiction. *See Stern v. Int'l Bus. Machines Corp.*, 326 F.3d 1367, 1373 (11th Cir. 2003) (whether an ERISA plan exists is a "threshold question"); *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 239-40 (5th Cir. 1990) (whether an ERISA plan exists is a "threshold question" and a "jurisdictional one"); *Am. Inst. of Architects v. John Hancock Mut. Life Ins. Co.*, 857 F.2d 1477 (9th Cir. 1988) (same).

that they did not seek to remand the case because whether the Plan is subject to ERISA is not jurisdictional, but they contend that Aon's cases are irrelevant because they were decided on jurisdictional grounds. *Id*. For example, Plaintiffs acknowledge that in *Wayne A. Wignes v. Aon Corporation*, the U.S. District Court for the Northern District of Illinois denied a motion to remand because the *same* Aon Excess Benefit Plan was a "top hat" plan subject to ERISA. *Id*. Plaintiffs argue that *Wignes* is off-point because it involved a "jurisdictional order." *Id*. at 7, fn. 4. Plaintiffs should not be allowed to manipulate the judicial process through their convenient and contradictory position.

Finally, Plaintiffs contend that Aon cannot establish that the Plan is a "top hat" plan subject to ERISA without applying the Sixth Circuit's analysis in *Bakri v. Venture Mfg. Co*., 473 F.3d 677 (6th Cir. 2007). *See* Opp. at 6-7. Only one district court in the Ninth Circuit has applied the *Bakri* analysis, and it explained that "[n]either the Ninth Circuit nor any court sitting in the Ninth Circuit has clarified whether this or another test applies."[4] *Callan v. Merrill Lynch & Co., Inc.*, 09 CV 0566 BEN (BGS), 2010 WL 3452371 at *10 (S.D. Cal. Aug. 30, 2010). Nevertheless, Aon has satisfied the substantive question set forth in *Bakri* (as well as other related case law) – whether the Plan is an unfunded plan maintained by Aon "primarily for the purpose of providing deferred compensation to a select group of management or highly compensated employees." 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a); *Callan*, 2010 WL 3452371, at *10; *Duggan v. Hobbs*, 99 F.3d 307, 310 (9th Cir. 1996).

Plaintiffs specifically argue that Aon failed to address *Bakri*'s factors related to whether Plaintiffs were high-level employees and whether there was a disparity of income between themselves and non-Plan members. Opp. at 6. Plaintiffs rely

---

[4] Plaintiffs argue that whether the Plan is subject to ERISA should not be decided on a motion for judgment on the pleadings. Opp. pg. 5. Notably, Plaintiffs rely on two case, *Callan* and *Duggan*, that decide the issue on a motion for judgment on the pleadings.

on *Callan*'s application of these *Bakri* factors, but *Callan* specifically concerned whether the plaintiffs "qualif[ied] as a 'select group of management or highly compensated employees." *Callan*, 2010 WL 3452371, at *10 (the court referred to *Bakri*'s "select group" test). Plaintiffs have never argued, or offered any evidence to demonstrate, that they were not high-level employees with incomes substantially greater than non-Plan members. Aon has demonstrated that the Plan is a "top hat" plan subject to ERISA – in fact, Aon made this showing twice, once in its removal papers and again in this motion.

## III. CONCLUSION

For these reasons, Aon respectfully requests that the Court dismiss with prejudice Counts II, IV, VI, VII and X of the Second Amended Complaint to the extent that they relate to the Plan.

Dated: September 27, 2012

DLA PIPER LLP (US)

By /s/ Carter W. Ott
SHAND S. STEPHENS
MARGARET L. PARKER
CARTER W. OTT
Attorneys for Defendants and Counterclaimants
AON RISK SERVICES COMPANIES, INC., AON RISK INSURANCE SERVICES WEST, INC., and AON CORPORATION