UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 12-1966 DSF (RZx) | Date | 11/5/12 |
| Title | Peter Arkley, et al. v. Aon Risk Services Companies, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| | |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re Dismissal for Lack of Supplemental Jurisdiction

Defendants claim that the Court has federal question and supplemental jurisdiction over this case. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). However, civil claims that are preempted by and redressable under ERISA are excepted from this rule; therefore, such claims are removable. Sorosky v. Burroughs Corp., 826 F.2d 794, 799 (9th Cir. 1987). Claims relying on the Excess Benefit Plan[1] at issue in this case are preempted by ERISA and properly removed to this Court, but claims relying on theories independent of the employee benefit plan are not preempted. See Sorosky, 826 F.2d at 800 (indicating that the discharge without good cause allegation is not preempted because it has no relationship to the benefit plan).

District courts have supplemental jurisdiction over state claims that are "so related

[1]Although the Plan is labeled an "Excess Benefit Plan," it does not appear to be an excess benefit plan exempt under ERISA under 29 U.S.C. § 1003(b)(5). It appears to be a "top hat" plan subject to ERISA preemption.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

to the [federal claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be . . . left for resolution to state tribunals. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–727; 28 U.S.C. § 1367(c)(2). Defendants have failed to demonstrate why the Court should exercise supplemental jurisdiction over the state law claims.[2]

Defendants are ordered to show cause, in writing, by briefing not to exceed 8 pages no later than November 19, 2012 why the Court should retain supplemental jurisdiction over state law claims.

IT IS SO ORDERED.

---

[2] The Excess Benefit Plan, (Dkt. No. 1, Ex. A), contains a non-competition forfeiture clause, which is judged under ERISA, rather than California law governing covenants not to compete. See Clark v. Lauren Young Tire Ctr. Profit Sharing Trust, 816 F.2d 480, 481-82 (9th Cir. 1987) ("ERISA preempts state law with respect to non-competition forfeiture clauses."). A forfeiture non-competition clause in the Excess Benefit Plan is treated differently from a non-competition clause in an employment agreement because a forfeiture clause does not prevent an employee from working, but merely prevents him from collecting benefits under the plan — exactly like the Excess Benefit Plan in this case. Id. at 482 n.1. A noncompetition forfeiture clause is permitted under federal law "so long as the plan provides that benefits accrued after ten years of service cannot be forfeited." Id. at 481.

The Ninth Circuit has yet to rule on whether noncompetiton forfeiture provisions in "top hat" plans — like the Excess Benefit Plan at issue in this case — are judged under ERISA standards, but other courts have ruled that they are subject to federal law and not state law dealing with covenants not to compete. See Spitz v. Berlin Indus., No. 93 C 6355, 1994 WL 194051, at *2-3 (N.D. Ill. 1994) (applying federal law to forfeiture provisions under a "top hat" Plan). Given the substantially different legal basis for judging the non-competition forfeiture clause from covenants not to compete, the Court does not see an adequate basis for supplemental jurisdiction over the state law claims in this case.