# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| Case No. | CV 12-1966 DSF (RZx) | Date | 12/3/12 |
|---|---|---|---|

| Title | Peter Arkley, et al. v. Aon Risk Services Companies, Inc., et al. |
|---|---|

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order Remanding State Law Claims to Superior Court of California, County of Los Angeles.

Defendants removed this case to federal court, asserting federal question jurisdiction based on alleged violations of the Employee Retirement Income Security Act of 1974 (ERISA) and arguing that the Court should exercise supplemental jurisdiction over all state law claims. (Dkt No. 1.) In response to the Court's November 5, 2012 Order to Show Cause (OSC), Defendants now argue that the Court should remand the supplemental claims. (Dkt. No. 97.) Plaintiffs filed an Ex Parte Application to Retain Supplemental Jurisdiction of Plaintiffs' State Law Claims arguing that the Court should retain the state law claims based on notions of judicial economy, convenience, and fairness. (Dkt. No. 99.)

District courts have supplemental jurisdiction over state claims that are "so related to the [federal claims] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be . . . left for resolution to state tribunals." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–727 (1966); 28 U.S.C. § 1367(c)(2). Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right" and a court should consider "the values of judicial economy, convenience, fairness, and comity" in its decision. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

As stated in the Court's November 5, 2012 OSC, Plaintiffs' ERISA claims are predicated on a factual and legal basis substantially different from their state law claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

It clearly appears that the state claims predominate because the remaining nine claims
have little, if any, overlap with Plaintiffs' claims brought under ERISA.  The first,
second, third, and seventh causes of action generally center on invalidating the covenants
not to compete found in the Plan, Employment Agreements, Performance Incentive
Program, Leadership Performance Program, and Stock Incentive Plan.  (Second Am.
Compl. (SAC) ¶¶ 104, 111, 118, 147.)  In the fifth claim, Plaintiffs Arkley and Caldwell
demand the return of certain items of personal property.  (Id. ¶ 134.)  In the eighth claim,
Plaintiffs allege that Defendants violated California Labor Code §§ 201–203 by not
timely paying Plaintiffs the full amount of owed wages.  (Id. ¶¶ 150–159.)  In the ninth
claim, Plaintiffs seek indemnification under California Labor Code § 2802.  (Id. ¶¶
160–163.)  As for the non-preempted part of the sixth claim, Plaintiffs allege that
Defendants wrongfully forfeited Plaintiffs' restricted stock units.  (Id. ¶ 143.)  These
claims and the Plaintiffs' ERISA claims have no overlap in terms of proof and the scope
of issues raised.

The principle of comity also weighs in favor of remanding the remaining state
claims because comity is promoted when state courts have the primary responsibility of
developing and applying state law.  See Gibbs, 383 U.S. at 726 (indicating that federal
courts should avoid making "needless decisions of state law").

With the exception of those claims related to violations of ERISA, all other claims
are REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.